Ruffin, Chief Justice.
 

 — The act of 1751
 
 (Rev. ch.
 
 50,) gives two modes of taking the acknowledgment of a married woman, of a deed executed by her husband and herself; the one in open Court of the county where the lands lie, or before a Judge; and the other by two or more commissioners authorised by a commission issued by the clerk of the County Court. The act does not treat these methods as equally proper and beneficial to the wife, and give to the parties an election of the one or the other in every case; but it substitutes that by commission for an acknowledgment in Court, only when it shall appear that such an acknowledgment cannot be made,
 
 *37
 
 because the wife cannot travel to Court by reason of age, infirmity, or a residence in another county.
 

 These provisions being for the protection of the wife, the principle of construction laid down in
 
 Den
 
 v.
 
 Wilson,
 
 2 Dev. 306, and other cases, is to require a strict observance of every ceremony prescribed in the statute, and in the order as there prescribed, as tending to render the intended protection the more effectual. A literal construction is the true construction, according to the spirit of the act.
 

 The deed in this case was acknowledged under a commission from the County Court; and neither the commission, nor the order of record for issuing it, sets forth that Mrs. Jasper was either so infirm or aged, that she could not travel to Court; while upon its face, the deed itself states the husband and wife to be inhabitants of Franklin county, in which the lands are situate.
 

 Upon the principle established, such an acknowledgment is defective, and the deed must be deemed invalid; unless the order of the County Court for the commission precludes all inquiry into the propriety and grounds of that order. The acts of a Court of record are always conclusive of the truth of the matters stated in them; and also generally, perhaps, of the ■ existence of those facts, without which the order or judgment could not be legally made. But this case cannot come within that rule. It would defeat the purposes of the legislature, to be collected from the several parts of the act construed together, and as almost literally expressed in some of the provisions. The authority to issue a commission is found in the third section, which comes in by way of proviso to the second, and is a special authority, founded upon a particular state of facts. That state of facts may therefore reasonably be required to appear affirmatively. But there are other reasons which imperatively determine, that it must thus appear. The commission may be ordered as well by a Judge out’ of Court, as by the County Court; but it. is in all cases to be issued by the clerk of the County Court, and be returned to that Court. Now in the fourth section, the form of the
 
 *38
 
 commission is set forth
 
 in his verbis;
 
 and in it is recited, as the cause for taking the acknowledgment by commission, that it has been represented to the Judge or Court that .the wife was not an inhabitant of this state, or was so aged or infirm that she could not travel to them. This recital in the act of the Clerk can be founded only on a similar one in the order ; and therefore must be authorised by such specific averments in the order. Whatever, therefore, may be the general rule, there cannot, under the act of 1751, be a presumption from the order, of any of these facts, where the • order itself is
 
 silent
 
 as to their existence; because in the other proceedings arising out of the order, those facts must be distinctly and affirmatively stated.
 

 It will be perceived that the validity of the order does not depend upon the truth of the representation made to the Court, as appearing upon evidence afterwards; for of that the adjudication is conclusive. But the question is determined upon this; that the commission can be issued only under particular circumstances, and that those circumstances, must be proved by the record and commission themselves; or at least by one of them.
 

 This defect being fatal, it is unnecessary to look farther. But it may be mentioned, that there are others which seeni to be equally so. Among them are these; that it does not appear, that the commission, or certificate of the commissioners, was ever returned to the County Court, much less, that the Court was satisfied therewith, and ordered the proceedings to be registei’ed. The only order for a registration is that made on the probate by the subscribing witness; which extends to the deed as that of the husband only.
 

 Per Curiam. Judgment affirmed.