Pearson, J.
 

 His Honor was of opinion, that the deed was valid to pass the title of Mrs. Cook. With every dis. position to give effect to the deeds
 
 oí femes covert,
 
 we cannot concur in that opinion. The privy examination was not taken as the law requires.
 

 Suppose W. D. Barnard was a member of the County Court, appointed to take the privy examination of Mrs. Cook, his certificate is not, that she was privily examined by him, but that
 
 “in open Court
 
 she acknowledged,” &c.
 

 So, the certificate of the Clerk is inconsistent and repugnant, as endorsed on the deed. It says: “this deed from John D. Cook and wife Lydia to
 
 Samuel Ferebee,
 
 was exhibited,” &c. This is inconsistent, for the deed, upon which the endorsement is made, is a deed from John Cook and Lydia Cook, his wife, to
 
 William C. Etheridge.
 
 The description is wrong, or else the endorsement is made on the wrong deed.
 

 Again, it says : “Lydia Cook, being privately examined by W.
 
 D.
 
 Barnard, one of the Court, appointed for that purpose, who reported, that she acknowledged the execution of the said deed,” &c. It js not stated, that Barnard
 
 *356
 
 reported, that upon
 
 her privy examination before him,
 
 “she acknowledged,” &c. But suppose this is to be inferred from the certificate of the Clerk. Then it is repugnant; for, the- certificate of Barnard is, that she made the acknowledgment
 
 “in open Court”
 

 Nor, is it aided by the entry upon the docket; (admitting that the entry can be called in aid,) for the entry is, that the deed was proven, and “her
 
 private
 
 examination taken
 
 in open Court”
 
 It is not stated, by whom the examination was taken, and for aught that appears, the husband was present.
 

 We are of opinion, that the deed was not valid to pass the title of Lydia Cook.
 

 Tl>é judgment must, therefore, be reversed, and a judgment be entered for the plaintiff, according to the verdict.
 

 Per Curiam. Judgment accordingly.