## FINK *v.* FINK.

Where parties to a suit then pending in court, submit the matters involved therein to arbitrators, by agreement, and without any order of court, the agreement of submission must be acknowledged, as required by section 2100 of the Code.

Where a submission to arbitrators is not acknowledged, when required, the award cannot be received and adopted as one made under a statutory submission; but it may still be good, as at common law, and an action maintained thereon, as upon any other agreement.

Where a cause was pending in the district court, involving the examination of long accounts, and the parties filed in said court a written agreement to submit the cause to arbitration, under which the arbitrators were "to meet and determine said matters on the 17th day of August, 1858, and to adjourn from day to day, until concluded, and within five days thereafter, file the same in the district court of Polk county, or the clerk's office thereof;" but no order of court was made directing the submission, nor did the parties appear before a justice of the peace, or other officer, and acknowledge the submission; and where the arbitrators met on the day named, heard a portion of the testimony, and adjourned to the next day, on which (the 18th of August) they agreed upon their award in favor of the plaintiff, and it was filed with the clerk of the court, on the 23d of August, 1858; and where the plaintiff's motion for judgment on the award was overruled, and the court refused to enter judgment thereon; *Held*, 1. That the award was filed within the time required by the submission; 2. That the submission should have been acknowledged, to authorize the court to adopt and render judgment upon the award; 3. That there was no error in the action of the court in refusing to render judgment on the award.

*Appeal from the Polk District Court.*

WEDNESDAY, APRIL 13.

A CAUSE was pending in the district court between these parties, involving the examination of long accounts. They filed a written agreement to submit the cause to arbitration. The arbitrators were to " meet and determine said matters on the first of August, 1858, and to adjourn from day to day until concluded, and within five days thereafter, file the same in the district court of Polk county, or the clerk's office thereof." No order of court was made, directing the

VOL. VIII.—40

submission, nor did the parties appear before a justice or other officer, and acknowledge the instrument so signed and entered into by them. The arbitrators met on the day named, heard a portion of the testimony, and adjourned to the next day. On that day, (the 18th of August), they agreed on their award, in favor of plaintiff, made it up and filed it on the 23d with the clerk. The plaintiff's motion for judgment on the award was overruled. Defendant's objections were sustained; the court, however, did not reject or set aside the award, but refused to enter judgment thereon. Plaintiff appeals.

*Williamson & Nourse*, for the appellant.

*Kasson & Finch*, for the appellant.

WRIGHT, C. J. — Two exceptions were taken to the award : *First.* That it was not filed within the time required by the submission. This objection is untenable.— The award, by the terms of the submission, was to be filed within five days after the arbitrators had concluded their labors, and not within five days after the date of their meeting. It was made on the 18th, and filed on the 23d, and by excluding the first, and including the last day, (Code, section 2513), it was delivered, or returned, within the five days. We do not stop to inquire whether it would not be good as a statutory award, though filed after the expiration of the five days, if made at the time fixed by the submission.

The second objection is, that the agreement of submission was not acknowledged as required by law. The Code provides that all controversies which might be the subject of a civil action, may be submitted to arbitrators, and requires the parties to sign a written agreement, specifying the demands submitted, the names of the arbitrators, and the court by which judgment on their award is to be rendered. The

parties are then required to appear before some justice of the peace of the county, and acknowledge the instrument, by them signed, to be their free act and deed. Code, sections 2098–9, and 2100. It is also provided by section 2102, that a submission to arbitration of the subject matter of a suit, may also be made *by an order of court*, upon agreement of parties, after suit is commenced. Where long accounts are to be examined, the court may refer the matter to referees. Section 1829. Any or all matters involved in a suit, may be submitted to these referees, unless one of the parties object thereto. A different number of referees may be fixed upon by consent. When the parties cannot agree upon referees, the court may appoint them, or allow each party to select one, and itself choose a third. Sections 1795–6. And then it is provided generally, that referees may be appointed in the cases, and for the purposes provided by law; and that they shall have certain powers, be subject to specific rules, and receive the compensation therein named. Code, chapter 9, 7. All of these rules are applicable to arbitrators, except as in chapter 119 is otherwise expressed, or except as agreed upon by the parties. Section 1203.

From these provisions we deduce, for the purpose of the present question, these propositions: *First*. That parties may submit a controverty to arbitration, that might be, but as yet is not, the subject matter of a suit. *Second*. That they may submit by agreement, and without any order of court, any, or all the matters involved in any suit then pending between them. *Third*. That the subject matter of a suit may also be made, by order of court, upon agreement of parties.

In the first and second cases, the agreement of submission must be acknowledged, as required in section 2100, but in the third, it need not be. The order of the court, in such a case, stands in the place of the acknowledgement. If not acknowledged, when required, the award cannot be received

and adopted as one made under a statutory submission, but it may still be good as at common law, and an action maintained thereon, as upon any other agreement.   Code, sec. 2115 ; *Conger* v. *Dean*, 3 Iowa, 463.

In this case, the submission was made, of all the matters involved in a suit then pending, by agreement, but without any order of the court.   The agreement, therefore, should have been acknowledged, to authorize the adoption and judgment upon the award, as upon the verdict of a jury. There was, consequently, no error in the action of the court. It would not have been proper to reject it, but the true course was to leave it, as the court below did, without action.   We need not say that plaintiff has an ample remedy by an action upon the award.

.   Judgment affirmed.