## HIGGINS v. KINNEADY.

1. **Arbitration:** AWARD. An award of arbitrators will not be set aside because it was not "inclosed and sealed and transmitted to the court" as directed by the statute, when the record shows that it was placed in the hands of the clerk by one of the arbitrators, and all chance for prejudice is expressly rebutted by admitted or established facts.

2. —— EVIDENCE ALIUNDE TO CORRECT CLERICAL DEFECT. When one arbitrator subscribed an affidavit reciting that he had been appointed an arbitrator "by and between J. C. and C. G." (the other arbitrators), and that he would "faithfully and fairly hear and examine the matters in controversy between the parties above named and make a just award :" *Held*, 1. That it was competent to show by the evidence of the notary before whom the arbitrator was sworn, and in whose presence he subscribed the affidavit, that he was in fact sworn to "well and faithfully hear and examine the matters in controversy *between the parties*" (naming them), and that the names of the other arbitrators, instead of the parties, were inserted by mistake and in the hurry of business: 2. That such clerical defects, working no prejudice, should not invalidate such proceedings any more than it would the verdict of a jury.

3. —— SUBMISSION WITHOUT AN ORDER OF COURT. Parties to an action may, by agreement, and without any order of court, submit to arbitration any and all matters involved in any suit then pending between them.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 15.

AWARD. — Plaintiff's action, commenced before a justice of the peace, was dismissed on defendant's motion. Plaintiff appealed to the District Court, and while the action was there pending, the parties entered into an agreement, reciting that "an action is now pending, &c., in relation to a claim for damages, &c. Now, therefore, we, the undersigned, do hereby submit the said controversy to the arbitrament of, &c., or any two of them. The court to render judgment on said award shall be the District Court of Dubuque county. The said award is to be made in writing, &c., and filed in said court, &c." The submission was not made by any order of court; or, at least, no such

order appears on the record. Plaintiff's claim was for one hundred dollars. Two of the arbitrators returned an award, giving plaintiff one hundred and seventy-one dollars. Upon the hearing of the motions to set aside and confirm, the court held that the submission was not of the pending case, but merely of the subject matter in controversy, and thereupon rendered judgment for the amount found and reported by the arbitrators, and at the same time (as is inferable from the record, but in this respect there is some confusion) made an order that, as it appeared " that the subject matter of said suit (referring to the appeal) has been submitted to the award of arbitrators, this suit is dismissed at plaintiff's costs." On a subsequent day of the term, on plaintiff's motion, the judgment for $171, and the order dismissing the appeal suit, were set aside, the award confirmed as made in the pending action, and judgment rendered for $100 and costs. Defendant excepted and appeals.

*Monroe & Deery* for the appellant.

*T. S. Wilson* for the appellee.

WRIGHT, J. — Three objections are urged against this judgment:

*First.* It appears that the award and submission were handed to the clerk by one of the arbitrators, without

1. ARBITRA-
TION:
award. being sealed or enveloped, being merely wrapped in a half sheet of paper. There was no claim that there had been any change or alteration of any of the papers, but it was conceded that they were the same as they came from the hands of the arbitrators. It is now claimed that as the award was not "inclosed and sealed and transmitted to the court," the court erred in acting upon it as an award under the statute. When, however,

the award is delivered by one of the arbitrators and all chance for *prejudice* is *expressly rebutted* by the admitted or established facts, we are not inclined to regard the failure to inclose and seal as fatal. *Sullivan* v. *Frink & Co.*, 3 Iowa, 66; *Thompson* v. *Blanchard*, 2 Id., 44; *McKinney* v. *Western Stage Company*, 4 Id., 420; *Tomlinson* v. *Tomlinson*, 3 Id., 575.

*Second.* It seems that two of the arbitrators were properly sworn. The third one subscribed an affidavit reciting that

3. — evidence *aliunde* to correct clerical defect.

he had been appointed an arbitrator "by and between John Carson and Martin Gibbs" (the other arbitrators), and that he would "faithfully and fairly hear and examine the matters in controversy between the parties above named, and make a just award, &c." The parties were not named in the caption or other part of the affidavit. The arbitrator thus sworn, and *one* of the others, concurred in, signed and returned the award. The notary, in support of the award and the proceedings of the arbitrators, stated under oath that the arbitrator was, in fact, duly sworn to "well and faithfully hear and examine the matter in controversy *between the parties*" (naming them), and that the names of the other arbitrators, instead of the parties (by erasing the one and inserting the others), were inserted by mistake and in the hurry of business. The court below rejected this showing and yet overruled the objection based upon the irregularity in thus administering the oath to the third arbitrator, and this action is now complained of by appellant.

In our opinion the notary's statement should have been received, and with its aid there was no such irregularity as to vitiate the proceedings. Mere clerical defects working no prejudice should not invalidate such proceeding any more than the verdict of a jury. And a court should receive and let in the truth, when it comes from a competent source, to correct an apparent defect, rather than reject

and set aside an award for some slight error in no manner affecting the rights of the parties. See the authorities cited.

*Third.* It is finally and principally objected that this was a submission of the subject matter of a suit made by agreement of parties *without an order of court;* and therefore void as a statutory award, under section 3679 of the Revision. The language of this section is, that "a submission to arbitration of the subject matter of a suit may also be made by an order of court upon an agreement of parties after suit is commenced."

*3. —— submission without an order by court.*

It was held in *Fink* v. *Fink,* 8 Iowa, 313, that parties might, by agreement, and without any order of court, submit any and all matters involved in any suit then pending between them. This ruling would seem to be decisive of the present question. The effect of a submission under an order of court, and one without such order, is pointed out in the case cited, and to it we need not refer at length. Whether, under the language of this submission, the first order confirming the award for $171 was not correct, we need not decide, as the plaintiff voluntarily abandoned it, and only insists upon the $100, the amount originally claimed before the justice. If correct, defendant is not prejudiced, as the present judgment is more favorable than, upon that hypothesis, should have been rendered.

Affirmed.