Jones, &c., v. Life Association of America.

CASE 12—PETITION ORDINARY—MAY 12.

# Jones, &c., v. Life Association of America.

APPEAL FROM HICKMAN CIRCUIT COURT.

INSURANCE — NON-PAYMENT OF PREMIUM. — An insurance company having become insolvent and ceased to do business, the non-payment of a premium by a policy-holder does not work a forfeiture of the policy, although the policy provides that it shall be void if the insured shall fail to pay the premiums as stipulated.

WHITE & TAYLOR FOR APPELLANTS.

An insurance company can not escape the payment of a policy issued by it upon the ground that the insured failed to pay a premium when due, the insured having failed to pay because the company had become insolvent and ceased to do business. (Buckbee v. U. S. Insurance, Annuity and Trust Co., Bigelow's Ins. Rep., 406; Ins. Co. v. Little, The Reporter, volume 5, page 262; Attorney-General v. Guardian Mutual Life Ins. Co., *Ibid.*, volume 10, page 603; N. Y. Life Ins. Co. v. Clopton, 7 Bush, 182.)

EDWARD W. HINES ON SAME SIDE.

1. The insurance company, having become insolvent and ceased to do business, thus placing it out of the power of the insured to pay the premium as provided in the policy, can not claim a forfeiture because of the failure to pay. (People v. Empire Mut. Life Ins. Co., 92 N. Y., 108; N. Y. Life Ins. Co. v. Clopton, &c., 7 Bush, 188; May on Insurance, section 358.)

2. The insurance company having ceased to do business, and the insured being dead, the damage is the face value of the policy. (People v. Security Life Ins. and Annuity Co., 78 N. Y., 129.)

No brief for appellee.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This was an action instituted by the widow and children of Wood M. Jones, on an insurance policy issued by the Life Association of America, on the life of Jones, for $5,000. The consideration was the annual payment by the insured of $145 and interest, the premium to be paid on the 4th of March in

every year during the life of the insured; the pay-
ments to be made at its office in the city of St.
Louis, the policy providing *that if failure shall be
made in the payment of any sum as stipulated in
the policy, then, and in such case, the policy to be
null and void, etc.* -

A demurrer was filed to the petition and sustained
on the ground that the policy had been forfeited by
reason of the non-payment of the seventh premium,
falling due on the 4th of March, 1877. It is alleged
in the petition that six annual premiums had been
paid, and when the seventh premium became due the
insured was able, ready and willing to pay his money,
but ascertained (alleging the fact to be true) that the
insurance company had failed and ceased to do bus-
iness, and announced their purpose of making an
assignment of its effects. That before the eighth
premium became payable, and shortly after the death
of the insured, in an action pending against the com-
pany in the State of Missouri by the Superintendent
of the State Insurance Department, an order was
made by which the latter took charge of all the
assets of the company. Did the fact that the in-
surance company became insolvent and ceased to do
business excuse the insured from paying the seventh
premium? is the only question to be determined in
this case."

The demurrer is an admission of the truth of the
facts alleged; and, therefore, we see no reason why
the appellees should not have been required to an-
swer.

In the first place it is alleged that the company had

*ceased to do business,* and if so, there was no place at which the premium could have been paid, and with the further allegation of insolvency, it would have been unreasonable to have compelled the insured to pay his money year after year to an insolvent company that is admitted by the pleadings to have been unable to comply with its contract. If the money had been paid it might have enlarged the assets so as to increase the dividend in a final distribution between those entitled, without resulting in any benefit whatever to the insured. If insolvent, the amount of the seventh premium might and probably would have exceeded the amount of the dividend to which the insured would have been entitled under a distribution made by the assignee; and for this reason, if no other, it would be unjust to require the insured to part with his money in consideration of an undertaking that could never be complied with on the part of the party receiving it.

The obligation to comply with the contract of insurance was mutual, the one as much liable as the other, and the insolvency of the company was a sufficient excuse for withholding the payment by the insured. In the case of the People v. Empire Mutual Life Insurance Company, 92 New York, 108, it is said: "The implied contract of an insurance company with its policy-holders is, that it will continue to do business, keep on hand the funds required by law for the security of its patrons, and remain in a condition, so long as its contracts continue, to perform its obligation, and when it fails to do this it has broken its engagements."

Here the company or the party representing it is claiming a forfeiture by reason of the non-payment of the premium, and at the same time admitting that if the money had been paid it could not have complied with its contract.

Such a defense will not be permitted in a court of equity, and the court below should have overruled the demurrer requiring the defense to make an issue, and upon a failure to do so a judgment should have been rendered for the plaintiffs. The extent of the recovery is a question not presented by the record.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.