# Carlisle *v.* Carlisle.

*Statutory Action in nature of Ejectment.*

1. *Execution of conveyance.*—A conveyance of lands, to be operative under the statute (Code, §§ 2145-46), must be signed by the grantor, if able to write, and acknowledged by him before a proper officer, or must be attested by a subscribing witness.

2. *Defective certificate of acknowledgment.*—A defective or informal certificate of acknowledgment, to which the officer's name is signed, may operate as an attestation; but this effect can not be allowed to a printed form of certificate to which his name is not signed, although his name and style of office are written by him in the body of the paper.

[Carlisle v. Carlisle.]

3. *Amendment of defective certificate.*—When a justice of the peace has ceased to fill that office in the county, though filling the same office in another county, he has no authority to sign his name to a blank or defective certificate of acknowledgment, so as to make the certificate operate by relation as of the day of its date.

APPEAL from the Circuit Court of Pike.

Tried before the HON. JOHN P. HUBBARD.

This action was brought by M. N. Carlisle, against Thomas J. Carlisle, to recover the possession of a tract of land particularly described; and was commenced on the 27th February, 1883. The defendant disclaimed as to a part of the land, and pleaded not guilty as to the residue; and issue was joined on that plea. The plaintiff claimed the land under an instrument of writing purporting to be a deed, a printed form having been used, which was dated October 21st, 1880, and to which the names of G. W. Carlisle and his wife, Mary E. Carlisle, were signed as grantors; but there was no subscribing witness, and the certificate of acknowledgment by said G. W. Carlisle, which purported to be made by Nace Collins, as a justice of the peace, was not signed; though the second certificate, as to the acknowledgment of Mrs. Carlisle, was in proper form and duly signed. For the purpose of proving the execution of this instrument, the plaintiff introduced said Collins as a witness, and asked him, "if he saw said G. W. and Mary E. Carlisle sign said deed." The court sustained an objection to this evidence, and the plaintiff excepted. The plaintiff then proposed to prove by said Collins, "that he took the acknowledgment of the execution of the grantors to the said deed, but, through accident or inadvertence, failed to sign his name at the foot of the first certificate of acknowledgment;" also, "that the said grantors both acknowledged the execution of said deed before him, and that he certified the same as above shown." The court excluded each part of this evidence, on objection by the defendant, and the plaintiff excepted. It was shown that said Collins, who was a justice of the peace in Pike county at the time said certificates were made, was a justice of the peace in Coffee county at the time of the trial; and the plaintiff asked that he be allowed, at the trial, to amend his certificate by signing his name to it. The court refused to allow this, and the plaintiff excepted. In consequence of these rulings of the court, the plaintiff took a nonsuit; and he now assigns these several rulings as error.

N. W. GRIFFIN, for appellant, cited *Sharpe v. Orme*, 61 Ala. 263; *Rogers v. Adams*, 66 Ala. 600; *Cahall v. Building Asso.*, 61 Ala. 235; *Dunlap v. Horton*, 49 Ala. 412.

[Carlisle v. Carlisle.]

PARKS & SON, *contra*, cited Sedg. Stat. & Const. 31 ; *Hendon v. White*, 52 Ala. 605 ; *Fisher v. Butcher*, 53 Amer. Dec. 436 ; *Barnett v. Barnett*, 16 Amer. Dec. 516 ; *Wood v. Cochran*, 39 Vt. 549 ; 46 Ill. 214 ; *Harty v. Ladd*, 3 Ore. 353.

CLOPTON, J.—A conveyance for the alienation of land, when made by a person who is able to write, must, under the statute, be signed at the end, and its execution attested by one witness, who must write his name as a witness. A certificate of acknowledgment, substantially conforming to the provisions of section 2158 of the Code, operates as a compliance with the requisitions on the subject of witnesses.—Code, 1876, §§ 2145, 2146. We have held, that a *defective* certificate of acknowledgment may, from necessity, operate as a substitute for the formal attestation of a witness, to prevent the instrument being inoperative as a conveyance, because the officer, before whom its execution is acknowledged, imperfectly certifies the facts, from ignorance, mistake, or carelessness. In such cases, the officer making the certificate becomes a witness, and his signature an attestation.—*Sharpe v. Orme*, 61 Ala. 263 ; *Rogers v. Adams*, 66 Ala. 600.

The original deed, on which the plaintiff relies to show title in himself, has been sent, by order of the Circuit Court, for our inspection. It has no attesting witness. There appears thereon a printed form of a certificate of acknowledgment, with the usual blanks properly filled in the handwriting of the officer ; but, from accident or inadvertence, his name is not subscribed thereto. It is contended, that, rather than defeat the operation of the instrument as a conveyance, the officer, under such circumstances, should be regarded as a witness, and the writing his name in the blank in the beginning of the certificate should be considered an attestation, and as a compliance with the requisition of the statute on the subject of witnesses.

As the title to real estate can pass only by writing, when not devolved by operation of law, the purpose of the statutes prescribing due and proper solemnities to be observed in the execution of such conveyance, is to guard the security of titles, and impart confidence, by preventing, as far as practicable, fraud, imposition, and clandestine conveyances. The effect of the statutes is to declare inoperative a conveyance of land, executed in any manner other than substantially as provided ; on the settled general rule, that when a statute limits an act to be done in a particular form or manner, every other mode is excluded.—*Hendon v. White*, 52 Ala. 597.

The requisition of the statute is, the witness must write his name *as a witness*. The apparent object must be attestation

[Carlisle v. Carlisle.]

of the execution of the conveyance; and the attestation must appear to be complete. When the name of a witness is subscribed to an attestation clause, others dealing in respect to the property have a right to assume that he wrote it as a witness. The certificate of acknowledgment manifests, on its face, that it is incomplete, and was not intended to be complete without the signature of the officer. It can not be regarded as an executed attestation. In the cases in which a defective certificate was held to operate as a substitute, the certificate was signed by the officer, and his signature regarded as an attestation. The distinction rests on the difference between an imperfect and an executed attestation.

Moreover, the statutory form of probate of conveyances requires the subscribing witness to make affidavit, that the grantor voluntarily executed the same in his presence, and that he attested it in the presence of the grantor.—Code, 1876, § 2159. No time is prescribed, within which an acknowledgment must be made. It may be made cotemporaneously, or after signing, or even after delivery; and when made afterwards, may have relation to the time of delivery, no rights of third persons intervening. The acknowledgment certified by an officer, and the execution in the presence of attesting witnesses, are separate and distinct acts. A defective certificate, in order to have operation as a substitute for attestation, should be substantially its equivalent. There is no proper attestation, unless the witness writes his name as such; and a defective certificate is not the equivalent, unless signed by the officer with the intent, and for the purpose of certifying. A certificate of acknowledgment, substantially conforming to the prescribed form, dispenses with the necessity of subscribing witnesses by force of the statute, and operates as a compliance with the statutory requisitions on that subject. Without the signature of the officer, the paper can not have the statutory operation, though it may sufficiently state the facts. An official certificate is a statement in writing by a person having an official *status*, properly authenticated, of facts or acts within his knowledge or authority. A certificate of acknowledgment, not substantially departing from the prescribed form, makes the deed self-proving, if recorded within twelve months from its date. An unsigned statement of the facts can not impart such effect, as it would require parol proof of the handwriting —parol evidence in aid of the certificate. Giving a mere recital of the name of the officer and style of office in the body of the certificate, though written by him, the force of an official signature, would tend to render titles insecure, and induce litigation, which it is the purpose of the statutes to prevent. For the same reasons, a defective certificate, not signed by the

35

[Munter v. Leinkauff & Strauss.]

officer, will not answer for an. attestation. For this purpose, it should be in such condition as that, if the facts had been sufficiently stated, it would have operated as a statutory certificate of acknowledgment. The statement which appears on the deed is not a certificate, defective or otherwise.

The officer who filled the blanks in the printed form on the deed, has ceased to be such officer, and is unauthorized to make a certificate as justice of the peace in Pike county, to have effect by relation, as if done at the time he was acting as such officer.

We discover no error in the record.

Affirmed.