(108 N. W. 545.)

---

Fred Gessner and Amelia Gessner v. Minneapolis, St. Paul & Sault Ste. Marie Railway Company.

Opinion filed June 23, 1906.  Rehearing denied July 30, 1906.

**Acknowledgment by Corporation — Form of Certificate.**

1. Under the statutes of this state it is essential to an acknowledgment by a corporation that the acknowledgment shall show that the officer assuming to act for it in executing the instrument acknowledged that the corporation executed it.

**Entry of Judgment Upon Arbitration and Award — Agreement for Submission — Acknowledgment.**

2. To authorize the entry of judgment upon motion, as upon a statutory award under sections 7692 to 7712, inclusive, Rev. Codes 1905, the agreement for submission must be acknowledged by the parties thereto in the same manner as a conveyance of real property.

**Same — Common Law Award.**

3. A judgment entered upon motion upon an award which is invalid as a statutory award, cannot be sustained upon the ground that it is sufficient as a common-law award. Such awards are not enforceable by judgments entered upon motion, but by actions in which jurisdiction is acquired by the service of process.

Appeal from District Court, Bottineau county; *Goss, J.*

Action by Fred Gessner and another against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. From a judgment in favor of defendant, plaintiffs appeal.

Reversed.

*Noble, Blood & Adamson,* for appellants.

The statutory provision that the submission must be acknowledged in the same manner as a conveyance of real property is mandatory, and failure to observe it is fatal, and deprives the court of jurisdiction to affirm the award.

Berkland v. Johnson, 70 N. W. 388; Fink v. Fink, 8 Iowa, 313; Moody v. Nelson, 60 Ill. 229; Abbott v. Dexter, 6 Cushing, 108; Barney v. Flower, 7 N. W. 823; Gibson v. Burrows, 3 N. W. 200; Holdridge v. Stowell, 40 N. W. 259; Heath v. Tenney, 3 Gray, 380; Burghart v. Owen, 13 Gray, 300; Frankern Milling Co. v. Pratt, 101 Mass. 359; Darling v. Darling, 16 Wis. 675; Steel v. Steel, 1 Nev. 27.

*L. W. Gammons,* for respondent.

While the acknowledgment may be defective, yet appellant having alleged the submission to arbitration and the making and filing of an award, they are estopped to deny the submission. Sadler v. Olmstead, 44 N. W. 292.

It is the policy of the law to favor arbitration and every reasonable intendment will be indulged to give effect to proceedings. 3 Cyc. 586, and cases cited; Caldwell v. Brooks Elevator Co., 10 N. D. 575, 88 N. W. 700.

The proceedings amount to a good common law arbitration. Sawyer v. M'Adie, 38 N. W. 292; Sadler v. Olmstead, 44 N. W. 292; Thornton v. McCormick, 39 N. W. 502; Vincent v. Insurance Co. 94 N. W. 458.

YOUNG, J. The plaintiffs have appealed from a judgment entered upon defendant's motion upon an alleged statutory award of arbitrators. The matter in controversy is the amount of damages the plaintiff will sustain by reason of the construction by the defendant railway company of its road across the plaintiffs' land. The proceedings which resulted in the judgment were had under chapter 39 of the Code of Civil Procedure, being sections 7692 to 7712, inclusive, Rev. Codes 1905. Section 7692 authorizes all persons capable of contracting to submit to the decision of arbitrators any controversy which might be the subject of a civil action except the question of title of real property in fee or for life. Section 7693 reads as follows: "The submission to arbitration must be in writing and acknowledged by the parties thereto in the same manner as a conveyance of real property and may fix the time on or before which the award shall be made, and provide that judgment may be entered upon the award by the district court in and for a specified county." Other sections provide for the taking of an oath by the arbitrators before acting give them authority to fix a time and place for hearing, authority to secure the attendance of witnesses, to administer oaths, to adjourn, and to make an award and provide the manner in which it shall be executed and for its filing with the clerk of the district court. Section 7698 provides that: "Any party to the submission at any time within one year after the award is filed, and upon eight days' notice to the adverse party may move the court designated in the submission to affirm the award. * * *" Sections 7702 and 7703 provide for the entry of judgment when the award is affirmed. The arbitrators awarded the plaintiff damages in the sum of $1,060. The plaintiffs contested the affirmance of the award and the entry of judgment upon several grounds, chief of which, and the only one we will consider, is the alleged want of legal authority to make it. This is based upon the alleged legal insufficiency of the written agreement, under which the abitrators assume to act. It is as follows:

"Know all men by these presents, that this agreement made and entered into this 29th day of May, A. D. 1905, by and between

Fred Gessner and Amelia Gessner, his wife, party of the first part, and the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, party of the second part: Witnesseth that the said party of the first part hereby agrees with the party of the second part to submit the matter of the damages and the value of the land necessarily caused by the construction and building of the party of the second part's railway over and across the land owned by the party of the first part, being described as the southeast quarter of the southeast quarter of section fifteen (15) and the southwest quarter of the southwest quarter of section fourteen (14) all in township one hundred sixty (160), range seventy-nine (79). That the strip or parcel of land required by said second party shall be one hundred feet wide, running from the east side to the west side of said described land. And shall be submitted to a board of arbitration composed of the following named persons: R. H. Rafter, J. G. Kane, and Fred Wentlandt. That said arbitration shall be awarded by said board on the 29th day of May, 1905, and that the award made by said board of arbitrators may be entered as a judgment in the district court of Bottineau county, North Dakota, of the Eighth judicial district, and that said parties shall abide by the decision of said board of arbitration. Fred Gessner. Amelia Gessner. Minneapolis, St. Paul & Sault Ste. Marie Ry. Co., by Guy L. Scott, Agent. [Witness:] A. C. Russell. Adolph Buckholz.

"State of North Dakota, County of Bottineau—ss: On this 29th day of May, A. D. 1905, before me personally appeared Fred Gessner and Amelia Gessner, his wife, and Minneapolis, St. Paul & Sault Ste. Marie Railway by their agent, Guy L. Scott, known to me to be the persons who are described in and who executed the within instrument and acknowledged to me that they executed the same. Witness my hand and my official seal the day and year above written. A. C. Russell, Notary Public. [Seal]."

The award, which was signed, witnessed, acknowledged and filed, was as follows: "We, the undersigned board of arbitrators, being chosen according to law to award the damages caused by the construction of the Minneapolis, St. Paul & Sault Ste. Marie Railway Company's railroad over and across the SE¼ of SE¼ of section fifteen (15) and the SW¼ of SW¼ of section fourteen (14) in township one hundred and sixty (160) of range seventy-

nine (79), said described land being owned by Fred Gessner, hereby award that the damages of said land in favor of Fred Gessner shall be ten hundred sixty and no-100 dollars; that the said amount shall be in full for all damages and the value of the land required by said railroad company for a strip of land 100 feet wide, extending across from the east side to the west side of said land as said railroad is now located and established."

Plaintiffs' counsel contend that the written agreement for submission was void and furnished no authority for an award under the statute for two reasons: (1) That it has not acknowledged by the defendant railway company; and (2) it did not definitely describe the land which the defendant proposed to take. We will consider only the first ground, the alleged absence of an acknowledgment by the defendant corporation. It will be seen by referring to the agreement that it was signed and acknowledged by the plaintiffs; also that one Guy L. Scott, who described himself as defendant's agent, signed it and acknowledged that he executed it. This is not an acknowledgment that the corporation executed it. Acknowledgments by corporations are governed by section 3584, Rev. Codes 1899 (section 5022, Rev. Codes 1905). This section provides that the officer executing an instrument for a corporation must acknowledge "that such corporation executed the same." A substantial compliance with this section is essential to the validity of the acknowledgment. The acknowledgment by Scott that he executed the instrument cannot take the place of an acknowledgment that the defendant corporation executed it. It is not necessary to consider the further contention presented by plaintiffs' counsel that there is no proof of Scott's authority to make the agreement to submit the question of damages to arbitration, for it is clear, conceding his authority, that this could be done only in the manner provided by statute; that is, through an instrument acknowledged by the corporation. An agreement executed and acknowledged in the manner provided by the statute is essential to the validity of a statutory award. Without it the provisions referring to the power of arbitrators and authorizing the court, without action and upon a mere motion to enter judgment upon the award, have no application. So far as the proceedings are statutory, the provisions of the statute must be complied with. Otherwise the arbitrators have no authority to act and the court is without jurisdiction to enter judgment. An award of arbitrators

cannot be enforced by the entry of judgment thereon summarily, unless it in all respects conforms to the statutory provisions authorizing it. Where it does not, it can be enforced, if at all, only by action. A want of acknowledgment such as exists in this case is a fatal jurisdictional defect, and will not sustain a judgment. And so the courts hold. Gibson v. Burrows (Mich.) 3 N. W. 200; Gallagher v. Kern, 31 Mich. 138; McGunn v. Hanlin, 29 Mich. 476; Barney v. Flower (Minn.) 7 N. W. 823; Fink v. Fink, 8 Iowa, 313; Abbott v. Dexter, 60 Mass. 108; Heath v. Tenney, 69 Mass, 380; Burghardt v. Owen, 79 Mass, 300; Burkland v. Johnson (Neb.) 70 N. W. 388. See, also, Darling v. Darling, 16 Wis. 644; Steel v. Steel, 1 Nev. 27; Low v. Nolte, 15 Ill. 368; Moody v. Nelson, 60 Ill. 229; Holdridge v. Stowell (Minn.) 40 N. W. 259. The judgment is this case is based wholly upon the alleged award. The plaintiff challenged its legality and opposed its affirmance and the right of court to enter judgment upon it. The contention that the trial court erred in holding that the written agreement was sufficient to give it jurisdiction to proceed as upon a statutory award must for the reason above stated be sustained and the judgment be set aside.

Counsel for defendant contends that, although the return of the arbitrators cannot be sustained as a statutory award, it can and should be sustained as a common-law award. Upon this we express no opinion. The question is not involved. The judgment appealed from rests upon an alleged statutory award entered upon motion. It is void because of the absence of jurisdiction. Jurisdiction to enter the judgment would not attach by showing that the award was good at common law. Such awards constitute causes of action enforceable by action in which jurisdiction is acquired by the service of process. There is no warrant of law for the entry of judgment on such awards by motion as in the case of awards made in pursuance of and under the authority of the statute.

Judgment reversed. All concur.