HATTIE COOK et al. v. MORGAN PITTMAN.

(Filed 7 May, 1907).

1. **Deed—Certificate—Married Women—"Color."**—A deed made by husband and wife is not "color" of title when the certificate is insufficient in not showing that the husband acknowledged its execution or that the privy examination of the wife had been taken, it not appearing that it was offered as evidence of a common-law deed for purposes of "color."

2. **Same—Correction of Certificate.**—A justice of the peace cannot correct his certificate made to a deed after his term of office has expired, such authority not having been given by statute.

ACTION to recover possession of land, tried at Special April Term, 1906, of MITCHELL Superior Court, before *Cooke, J.,* and a jury. Verdict and judgment for plaintiffs. Defendant appealed.

*S. J. Ervin* and *W. C. Newland* for plaintiffs.
*Avery & Avery* for defendant.

BROWN, J. In deraigning her title, the plaintiff offered a deed purporting to have been executed by Elisha Carroway and wife to Isaac Cook, 20 July, 1878. This deed was offered as color of title. The following is the probate to the deed:

"I, Samuel W. Blalock, an acting justice of the peace in and for said county, do hereby certify that I have privately examined Elisha Carroway, Nancy Carroway, his wife, grantors of the above deed; and Nancy, his wife, doth state that she signed the same freely and voluntarily, without fear or compulsion of her said husband or any other person, and she doth still assent thereto. Witness my hand, seal, this 26 July, 1878. S. W. Blalock, J. P."

The introduction of the deed was objected to for insufficiency of the certificate. During the recess of the Court, S. W.

Blalock attached to the deed a proper certificate, and dated it 26 July, 1878. He attached to the deed at the same time an affidavit dated 11 April, 1906, that on 26 July, 1878, he was a justice of the peace in Mitchell County, and that Elisha Carroway and wife Nancy duly acknowledged said deed before him on that date, and that he properly took the privy examination of the wife. Upon this last certificate the deed was registered during the recess, and when the trial was resumed it was offered again in evidence and admitted, over the defendant's objection.

We do not find anywhere in the record that the plaintiffs insisted on proving on the trial the execution of the instrument as a common-law deed for purposes of color. Therefore, the right to introduce it at all must depend upon the sufficiency of the certificate of probate.

The first certificate is insufficient because it does not appear thereon that Elisha Carroway ever acknowledged the execution of the deed, and therefore it does not come within the terms of the curative statute of 1893 (Rev., sec. 1017). Neither is the certificate sufficient as to Nancy Carroway, for the reason that it fails to state that the privy examination was taken separate and apart from her husband. *Fenner v. Jasper,* 18 N. C., 34; *Etheridge v. Ashbee,* 31 N. C., 353; *Hatcher v. Hatcher,* 127 N. C., 201.

We think that the second certificate, dated in 1878, but made in 1906, did not entitle the deed to registration, and was valueless, as Blalock was not in office and had not been for some years, and had actually, it is said, removed from the county. A Sheriff or coroner who has gone out of office can make deeds for land sold by him under execution by virtue of the power conferred by the Acts of 1784 and 1899, which gave the same power to successors. *Harris v. Irwin,* 29 N. C., pp. 433, 434. But we know of no statute, and

none has been called to our attention, which authorizes a justice of the peace, whose term has expired, to attach a new certificate of probate to a deed. "One who has certified a married woman's acknowledgment cannot, after going out of office, correct a defect in the certificate." 1 Cyc., 607, where the authorities are cited; 1 Am. and Eng. Enc. (2 Ed.), 552; *Fitzgerald v. Milliken,* 83 Ky., 76; *Galbraith v. Gallivan,* 78 Mo., 452.

New Trial.