FRANK KOHT, Appellant, v. N. C. TOWNE, Appellee.

**ARBITRATION AND AWARD:** Submission—Defective Acknowledg-
1 ment. An agreement for statutory arbitration is rendered fatally defective by the failure of the notary public to attach his notarial seal to the certificate of acknowledgment of one of the parties to the agreement.

**ACKNOWLEDGMENT:** Curing Defects. A notary public may not,
2 after his term of appointment has expired, voluntarily or under order of court validly attach a new certificate of acknowledgment to a statutory agreement for arbitration executed during his expired term, even though, at the time of attaching such new certificate, he was a notary public under a new appointment. (See Book of Anno., Vol. 1, Sec. 10094, Anno. 13; Sec. 10103, Anno. 2.)

**Headnote 1:** 1 C. J. p. 837; 5 C. J. p. 38. **Headnote 2:** 1 C. J. p. 872.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

MARCH 9, 1926.

APPEAL from a decree of the district court entered upon the award of an arbitrator.—*Reversed.*

*E. D. Marshall,* for appellant.

*E. S. Thayer,* for appellee.

Faville, J.—The parties to this action signed a written agreement to submit a controversy between them to an arbitrator, as provided by Chapter 14, Title XXI, Code of 1897. Each party filed pleadings. The plaintiff sought to recover for certain groceries sold to the defendant, and the defendant counterclaimed for a loss on certain potatoes which he claimed the parties held under a partnership arrangement. The matter was heard before the arbitrator named in the agreement, and the arbitrator made an award finding an amount due from the plaintiff to the defendant. The award was filed with the clerk of the district court of Polk County. Thereafter, the defendant filed a motion in the district court for judgment upon the said award. The plaintiff filed a resistance to this motion. The district court sustained the said motion, and entered judgment on the award.

I. One of the grounds of resistance to the defendant's motion for judgment in the district court was that the acknowledgment of the defendant to the agreement of arbitration was

1. ARBITRATION AND AWARD: submission: defective acknowledgment.

defective, in that the acknowledgment was not attested by the seal of the notary public assuming to take the same; and that said matter was not discovered by the plaintiff until after the said award was filed.

These proceedings were had under the Code of 1897, and Section 4386 of said Code is as follows:

"The parties themselves, or those persons who might lawfully have controlled a civil action in their behalf for the same subject-matter, must sign and acknowledge a written agreement, specifying particularly what demands are to be submitted, the names of the arbitrators, and court by which the judgment on their award is to be rendered."

It is a prerequisite to a valid statutory arbitration that a written agreement for arbitration must be signed and acknowledged by the parties. A mere signature by the party thereto is not sufficient, without a valid acknowledgment. *Fink v. Fink*, 8 Iowa 313.

The record in this case shows that the defendant signed the arbitration agreement, and attached to the agreement is

a certificate of acknowledgment purporting to be signed by the officer taking the same, who described himself as a notary public in and for Polk County, Iowa. No notarial seal was attached to said certificate of acknowledgment at said time. This purported acknowledgment is dated July 1, 1920. The hearing was had before the arbitrator sometime after said date, and the award by the arbitrator was filed May 23, 1921.

2. ACKNOWLEDG-
MENT: curing
defects.

On July 29, 1921, the plaintiff filed an amended and substituted resistance to the defendant's motion for award, and therein raised the question that the arbitration agreement had not been properly acknowledged. Thereafter, on July 29, 1921, the defendant filed a motion in the district court for an order authorizing the notary public who took the purported acknowledgment of the defendant to attach his notarial seal to the certificate of acknowledgment attached to the original arbitration agreement. The plaintiff resisted this motion, and by such resistance set up the fact that the term of the notary taking said acknowledgment had expired on July 4, 1921, and that the court had no power or authority to make the order prayed for.

The court sustained the said motion, and, by an order, authorized said notary public to attach an amended certificate to the acknowledgment of the defendant attached to said arbitration agreement, and to attach his notarial seal thereto.

It is the well established rule in this state that an acknowledgment of the written instrument for arbitration is imperative. In the recent case of *Farmer v. Ames-Farmer Canning Co.*, 190 Iowa 1259, we said:

"Acknowledgment of the written agreement by the parties is imperative, and therefore necessary, to confer jurisdiction upon the court designated for that purpose to cause judgment to be entered upon the award, when filed and adopted, as required by the statute. *Fink v. Fink*, 8 Iowa 313; *City of Marion v. Ganby*, 68 Iowa 142; *Wilkinson v. Prichard*, 145 Iowa 65; *Barney v. Flower*, 27 Minn. 403 (7 N.W. 823); *Burkland v. Johnson*, 50 Neb. 858 (70 N.W. 388); *Gessner v. Minneapolis, St. P. & S. S. M. R. Co.*, 15 N. D. 560 (108 N. W. 786)."

See, also, *Ames Canning Co. v. Dexter Seed Co.*, 195 Iowa 1285.

It is also a well established rule that the official acts of a notary public must be authenticated by his signature and seal. *Rindskoff Bros. & Co. v. Malone*, 9 Iowa 540; *Tunis v. Withrow*, 10 Iowa 305; *Stephens v. Williams*, 46 Iowa 540; *Neese v. Farmer's Ins. Co.*, 55 Iowa 604; *Greenwood v. Jenswold*, 69 Iowa 53; *Kreuger v. Walker*, 80 Iowa 733; *Pitts v. Seavey*, 88 Iowa 336; *Koch v. West*, 118 Iowa 468.

The acknowledgment to the arbitration agreement in question was not duly and legally authenticated at the time the award was made and filed, and at the time the plaintiff's objections thereto were interposed. Upon the face of the record as it then stood, the court could not legally enter an award upon such defective agreement. *Farmer v. Ames-Farmer Canning Co.*, supra.

Did the court at said time have authority to correct the error and defect in said award by sustaining the defendant's motion to authorize and direct the notary public to attach a new certificate and authentication of acknowledgment to the written instrument?

We think it is clear that such order was beyond the power of the court, under the circumstances. Under the statute, Code of 1897, Section 373 (Code of 1924, Section 1198), the terms of all notaries public expired on the 4th of July, 1921. The order of the district court authorizing the notary to execute a new certificate was made on September 20, 1921. The term of office of the notary public had expired several weeks before the order directing the notary to attach a new certificate to the arbitration agreement was entered.

In *C., B. & Q. R. Co. v. Lewis*, 53 Iowa 101, the question of an amendment to a notary's certificate was before us, and we therein said:

"We think, however, that *whilst the notary continued in office* it was competent for him to amend his certificate, provided the amendment is in accordance with the real facts."

But a very different situation is presented in the instant case, because the notary was not in office at the time the amendment was made. It does not change the situation that

the notary may have been reappointed to office sometime after July 4, 1921, and again held the office of notary public at the time he was directed to amend the certificate.

While there is an apparent conflict in the authorities on this question, we think the better rule is that, where the instrument is lacking in validity because the acknowledgment is not duly authenticated, a new certificate of acknowledgment cannot be made by the officer taking the acknowledgment, after his term of office has expired. The written instrument having passed from his custody, and his powers in relation thereto having been exhausted, and his office having terminated, he cannot, either voluntarily or by order of court, subsequently amend his certificate in a vital and essential part. *C., B. & Q. R. Co. v. Lewis,* supra; *Bours v. Zachariah,* 11 Cal. 281 (70 Am. Dec. 779); *Gilbraith v. Gallivan,* 78 Mo. 452; *Fitzgerald v. Milliken,* 83 Ky. 70; *Cook v. Pittman,* 144 N. C. 530 (57 S. E. 219); *Carlisle v. Carlisle,* 78 Ala. 542; *McKellar v. Peck,* 39 Tex. 381. See, also, *Elliott v. Peirsol,* 1 Pet. (U. S.) 328 (7 L. Ed. 164); *Alford v. Doe,* 156 Ala. 438 (47 So. 230); *Merritt v. Yates,* 71 Ill. 636 (22 Am. Rep. 128); *Wedel v. Herman,* 59 Cal. 507; *Durham v. Stephenson,* 41 Fla. 112 (25 So. 284); *Enterprise Transit Co. v. Sheedy,* 103 Pa. St. 492 (49 Am. Rep. 130); *Potter v. Steer,* 95 N. J. Eq. 102 (122 Atl. 685); *First Nat. Bank of Harrisonburg v. Paul,* 75 Va. 594 (40 Am. Rep. 740). If a notary exercises the duties of his office after the expiration of his commission, he is subject to a fine. Section 1206, Code of 1924.

The arbitration agreement was fatally defective, for the reason that it was not duly acknowledged. The order of the trial court directing the notary public, after his term of office had expired, to attach a new certificate to said written instrument was unauthorized, and could not give validity to the defective instrument. The arbitration agreement being fatally defective, the award predicated thereon was invalid as a statutory award, and the court had no jurisdiction to enter judgment thereon. *Farmer v. Ames-Farmer Canning Co.,* supra.

No question is before us as to the validity of the award as a common-law award.

The motion to dismiss submitted with the case is overruled.

The judgment of the district court must be, and it is,— *Reversed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.