# CHARLESTON.

## CLARKSBURG CASKET COMPANY v. VALLEY UNDERTAKING Co. *et als.*

Submitted October 23, 1917.   Decided October 30, 1917.

1. ACKNOWLEDGEMENT—*Certificate of Acknowledgement—Sufficiency.*

    A certificate of acknowledgment of a deed of trust by a corporation, which omits from the affidavit constituting a part of it, the clause, ''And that said writing was signed and sealed by him in behalf of said corporation,'' is fatally defective, and the instrument to which it is appended is not legally recordable. (p. 214).

2. CHATTEL MORTGAGES—*Vendor and Purchaser—Attempted Record—Notice.*

    The copying of an unrecordable deed of trust in the book kept in the clerk's office of a county court, for recordation of such instruments, is not constructive notice thereof to subsequent purchasers for value and without notice, nor is the instrument so copied valid as against lien creditors, but it is valid and binding between the parties to it and gives right of preference over general creditors of the grantor, unless it is void or voidable for some other reason. (p. 215).

3. LIENS—*Equitable Lien—Rights of Purchaser.*

    Whether a deed of trust is recordable or not, or the paper relied upon as a deed of trust is technically one or not, it creates an equitable lien upon the property it purports to convey for the security of a debt, valid and enforcible against a person subsequently purchasing the property or taking a lien thereon by a deed of trust to secure a debt, with actual notice of the existence thereof. (p. 215).

4. CHATTEL MORTGAGES—*Officer of Corporation—Notice.*

    The president of a corporation taking a deed of trust on its property, to secure a debt due to him, after it has executed another deed of trust on certain parts of its property to secure the purchase money thereof, is presumed to have had actual knowledge of the existence of such prior deed of trust in the absence of proof of lack thereof. (p. 215).

5. RECEIVERS—*Sales—Liens.*

    A sale of personal property may properly be decreed, in advance of the ascertainment and adjustment of the liens thereon and their priorities. (p. 217).

6. SAME—*Compensation for Use of Property—Allowance.*

A creditor holding a first lien on a piece of personal property constituting a part of the assets of a corporation whose business and property are in the hands of a receiver, and having insufficient security for payment of his debt, by virtue of such lien or otherwise, may properly be allowed reasonable compensation for the use of such property by the receiver, in the conduct of the business of the corporation, by the court in which its business is wound up and its assets distributed.    (p. 216).

7. LIVERY STABLES AND GARAGE KEEPERS—*Storage or Rent—Lien.*

A livery stable keeper has no lien either for storage or rent, for the care and keeping in his own buildings on his own premises, of vehicles of an undertaker, which the latter periodically takes out and uses in his business.    (p. 217).

Appeal from Circuit Court, Randolph County.

Bill by the Clarksburg Casket Company against the Valley Undertaking Company, J. N. Phares, and others. From a decree disallowing his lien and placing him among the general creditors, defendant J. N. Phares appeals.

*Reversed in part. Affirmed in part. Remanded.*

*Samuel T. Spears* and *James A. Bent,* for appellant.

*C. O. Strieby* and *Arnold & Arnold,* for appellees Clarksburg Casket Co. and Gallion Metallic Vault Co.

*R. S. Irons* and *W. E. Baker,* for appellees Weimer and Reynolds.

POFFENBARGER, JUDGE:

The principal grounds of complaint against the decree under review on this appeal are the disallowance of appellant's claim of a lien on personal property, consisting of hearses, an ambulance wagon, a lot of undertakers supplies, a safe and a roll top desk, by virtue of a deed of trust executed by the Valley Undertaking Co., a corporation, to secure a note for the sum of $1,500.00, and allowance of a claim of a lien on one of the hearses, described as being an eight column Mosque Top Silver Gray Funeral Car, to the Riddle Coach & Hearse Company, by virtue of a deed of trust executed to secure purchase money of the hearse. The assets of

the company consisted of personal property only, and, at the date of the filing of the bill by an execution creditor, there were execution liens on the property, amounting to about $1,300.00. The debts due general creditors claiming no liens amounted to something more than $4,000.00. Disallowing the appellant's claim of a lien, the court placed him among the general creditors, by its final decree.

His deed of trust was assailed on two grounds; (1) lack of a sufficient certificate of acknowledgment to make it a recordable instrument; and, (2) partial invalidity by reason of the statute against preferences. The alleged defect in the certificate of acknowledgment was the omission from the affidavit, which constitutes a part of it, of the clause, "And that said writing was signed and sealed by him in behalf of said corporation." This clause is part of the form prescribed by sec. 5 of ch. 73 of the Code. At the date of the execution of the deed of trust, the corporation was hopelessly insolvent and the appellant was its president. The bill did not attack it, for invalidity under the statute against preferences, but did charge unrecordability thereof on account of the defect in the acknowledgment, and invalidity because it included a stock of goods used in trade. On the 17th day of May 1915, more than one year after its date and more than four months after it was recorded, the Riddle Coach & Hearse Co. filed an answer attacking it as being preferential and partially void for that reason. Though there was no process against the appellant, on that answer, he filed an answer with the commissioner, in June, 1915, in which he responded to the charge therein made, neither admitting nor denying the insolvency of the Valley Undertaking Co., but claiming the benefit of an exception in the statute against preferences, on the ground that the deed of trust was executed to secure a note for money he had loaned to the company, at the date thereof, and it had afterwards used in its business. He also relied upon the statute of limitation.

Though literal compliance with the form of acknowledgment prescribed for corporations is not essential, there must be a substantial compliance with it. The statute itself says a certificate may be in form or effect as therein prescribed.

The clause omitted is obviously a substantial one and lack thereof is not supplied by any equivalent words. The executing officer is required to swear, "That said writing was signed and sealed by him in behalf of said corporation." It is not enough that he has authority generally to execute deeds and other instruments for and on behalf of the corporation. He must swear that he had authority to execute the particular instrument he acknowledges. He is not the corporation, nor has he power to do all the things it might do. Whether the corporation itself authorized the execution of the particular instrument is a vital matter, and he is required to swear that it did. Though the deed says he executed it by authority of the corporation duly given, that statement is not in the affidavit, nor was it made on oath as the statute requires it to be. The omission of this clause manifestly vitiates the certificate. *Abney* v. *Ohio Lumber and Mining Co.,* 45 W. Va. 446; *Isham* v. *Bennington Iron Co.,* 19 Vt. 230; Warvelle on Vendors 519; Dev. on Deeds, sec. 508.

A sufficient certificate of acknowledgment is essential to the recordation of a deed or deed of trust, and, without it, the copying of the instrument on the record book does not constitute constructive notice. As to creditors and purchasers without notice, it is void. *Abney* v. *Lumber Co.,* cited; *Cox* v. *Wayt,* 26 W. Va. 807; *Ihrig* v. *Ihrig,* 78 W. Va. 360, 88 S. E. 1010. If it has no other infirmity, it is good as between the parties, and it is void as to creditors and purchasers without notice, only because the statute makes it so. The creditors so protected by the statute are lien creditors only. *Moore* v. *Tearney,* 62 W. Va. 72.

Appellant's most active antagonist, the Riddle Coach and Hearse Co., having two deeds of trust, older than his, both of which were attacked for alleged defects in the certificates of acknowledgment and for lack of the corporate seal, makes no complaint on account of the disallowance of the small amount due under one of them, but stoutly defends its c'aim of right under the other. Though it may not have been recordable, for want of a good certificate, and may not have constituted a technical deed of trust, it certainly created

an equitable or chattel mortgage valid and binding between the parties to it and enforcible in equity. *Atkinson* v. *Miller,* 34 W. Va. 115; *Electric Co.* v. *Furniture Co.,* 70 W. Va. 164. If unrecordable, it would be void as to subsequent purchasers for value without notice, but the appellant's claim of right under the registry statute cannot be sustained, for he was the president of the corporation by which both instruments were executed and, therefore, must be deemed to have had notice of the contract in question. *Arnold* v. *Knapp,* 75 W. Va. 804, 814; *Whitehead* v. *Whitehead,* 85 Va. 870. There is at least a presumption of knowledge, for rebuttal of which he introduced no evidence at all. The authorities cited say a president of a corporation will not be heard to say he was not informed as to its financial condition. Whether the Riddle Coach and Hearse Co. deed of trust was recordable or not, therefore, the trial court properly gave the claims under it and the execution liens preference over that of the appellant.

But it was wrong to place him among the general creditors, for his deed of trust, though not legally recorded, created a lien in his favor, good against everybody except subsequent purchasers for value and without notice, lien creditors and such unsecured creditors as successfully assailed it, in due time, for violation of the statute against preferences, sec. 2 of ch. 74 of the Code. Nobody assailed it on that ground within the period of limitation, one year from its date or four months after it was recorded, it having been recorded within eight months from its date. The presumption of fraud in the transaction is repelled by proof of *bona fide* indebtedness for which the note and deed of trust were given.

There was no error in the allowance to the Riddle Coach and Hearse Co., of rent for the use of the hearse on which it held its lien, by the receiver, while he conducted the business of the corporation. Such use obviously impaired the Riddle Company's security, and it was not equitably bound to make a contribution to the assets of the insolvent corporation, for the benefit of its other creditors, by sufferance of such impairment. Only a small portion of the purchase

money had been paid and it was apparent that the hearse was insufficient security for the balance. In such cases, the rents and profits accruing from the use of property on which a debt is secured may be sequestrated for the benefit of the lien creditor. *Grantham* v. *Lucas,* 15 W. Va. 425, 432; *Clark* v. *Curtis,* 1 Gratt. 289; *Ross* v. *Colville,* 3 Call. 382.

So much of the decree as allows to Weimer and Reynolds, a lien for a meritorious claim amounting to $120.00, will have to be reversed, for they have no shadow of a lien for the claim. It is for storage of the vehicles of the corporation, while used by it in its business. Necessarily the company had possession and control of them when used in the conduct of funerals, wherefore they were frequently out of the possession of the claimants of the lien. In such cases the common law gave no lien. *Jackson* v. *Cummins,* 5 M. & W. 342; *Grinnell* v. *Cook,* 3 Hill (N. Y.) 491; *McFarland* v. *Wheeler,* 26 Wend. 474. A garage keeper has no lien on an automobile for storage, if the owner is permitted periodically to take it out and use it. *Smith* v. *O'Brien,* 94 N. Y. Sup. 673. The statute giving a livery stable keeper a lien extends only to live stock, Code, ch. 100, sec. 15, and there is no statute creating a lien in cases of this class. The rule requiring continuous and unbroken possession in the establishment of a common law lien, such as that of a warehouseman, is very strict. Without it, such a lien is impossible and, where there is one, it is lost the moment the possession is broken. *Lambert* v. *Nicklass,* 45 W. Va. 527. Nor is the existence of a landlord's lien for rent possible under the circumstances. The vehicles were merely stored in a qualified sense in buildings owned, possessed and controlled by the claimants. They were not leased nor occupied by the undertaking company.

As the subject matter of the decree was personal property, complete ascertainment and adjustment of the liens thereon were not conditions precedent to right and power in the court properly to decree a sale thereof. It is essential in proceedings for the sale of real estate, but none of our decisions require it in proceedings against personal property, and there is a manifest distinction in the characters of the two

classes of property, which forbids its application in the latter case. Preservation and care of personal property always involve expense and risk of loss, even though it is often not perishable in the legal sense of the term. Besides, its legal inferiority to real estate is clearly indicated by many provisions of the law, both adjective and substantive. Their obviousness to legal minds excuses enumeration thereof.

In so far as the decree adjudicates a storage lien in favor of Weimer and Reynolds for $120.00 and denies to the appellant Phares a lien for the debt secured by his deed of trust, next in order after the liens decreed in favor of the execution creditors, and accords to the general creditors *pro rata* participation with him, the final decree complained of will be reversed, and the appellant's third exception to the commissioner's report will be sustained. His second exception thereto will be sustained only in so far as the report denies him preference over the general or unsecured creditors of the Valley Undertaking Company. The decrees of May 17th and November 9th, 1915, will be affirmed and that of February 23, 1916, will be modified by striking out the lien for $120.00 therein accorded to Weimer and Reynolds and by adjudicating a lien in favor of the appellant for $1,630.50, with interest from October 12, 1915, next after those decreed in favor of the Clarksburg Casket Company, and, as so modified, it will be affirmed and the cause remanded. Costs in this Court will be decreed against the appellant and in favor of the appellees, Clarksburg Casket Company, Gallion Metalic Vault Company and Weimer and Reynolds.

*Reversed in part.    Affirmed in part.    Remanded.*