[No. 19817. Department One. August 5, 1926.]

YUKON INVESTMENT COMPANY, *Respondent,* v. CRESCENT MEAT COMPANY *et al., Defendants.* NIELS HANSEN MANUFACTURING COMPANY, *Appellant.*

[1] ELECTION OF REMEDIES (1)—CAUSE OF ACTION SUBJECT TO ELECTION—FORECLOSURE OF RENT LIEN—FORCIBLE ENTRY AND DETAINER. An action for unlawful detainer, providing a summary remedy, is not inconsistent with an action to foreclose the landlord's lien for rent; hence the commencement of either action is not an election of remedies barring a recovery in the other action.

[2] CHATTEL MORTGAGES (16)—VALIDITY—ACKNOWLEDGMENT BY CORPORATION. A chattel mortgage is void as to creditors where the acknowledgment does not conform to Rem. Comp. Stat., § 10567, in that it fails to show that the person signing the mortgage was known to the notary as an officer of the corporation, or that he acknowledged it as the act of the company, or that he was authorized to execute it on behalf of the corporation, or that the seal affixed was the corporate seal.

[3] APPEAL AND ERROR (371)—REVIEW—CORRECT DECISION BASED UPON ERRONEOUS GROUNDS. Where a chattel mortgage is void under the statute, the supreme court will not hold it valid merely because the defect was not urged in the court below, where the lower court held it void, possibly upon the wrong ground.

Appeal from a judgment of the superior court for King county, Hon. C. E. Claypool, judge *pro tempore,*

¹Reported in 248 Pac. 377.

entered October 17, 1925, upon findings in favor of the plaintiff, in an action to enforce a lien for rent, tried to the court. Affirmed.

*C. H. Steffen* and *Andrew J. Balliet,* for appellant.

*Bausman, Oldham & Eggerman,* and *Edw. L. Rosling,* for respondent.

ASKREN, J.—The respondent, Yukon Investment Company, brought this suit to recover two months' rent of property leased by them to the Crescent Meat Company, and for the appointment of a receiver and foreclosure of its lien for rent, under Rem. Comp. Stat., § 1203-1 [P. C. § 19677], which gives a landlord a lien for the last two months' rent. The appellant, Niels Hansen Mfg. Company, was made a party defendant upon the ground that it claimed a lien upon the personalty involved under a chattel mortgage, which was claimed, however, to be invalid.

Upon trial, objection was made by appellant to the introduction of any testimony to substantiate the complaint, upon the ground that there was another action pending between the same parties for the same rent. The objection was overruled, and after hearing the evidence, the court ruled that the prior action was not a bar; that the chattel mortgage of appellant was inferior to the lien for rent, and held that it was valid as between the parties, and ordered it foreclosed.

The appellant raises two points upon this appeal:

[1] It is first contended that the bringing of the prior action was a bar to the present one. The former action was for unlawful detainer. A writ of restitution was asked for and a foreclosure sought of the lien for rent, together with double damages. A writ of restitution was issued but the premises were voluntarily vacated and the writ returned. A default was entered but no further action taken.

Under our law, the forcible entry and detainer statute provides summary proceedings to obtain possession of real property and partakes of no equitable features. *Bond v. Chapman,* 34 Wash. 606, 76 Pac. 97; *Smith v. Fletcher,* 102 Wash. 218, 173 Pac. 19; *Lee v. Weerda,* 124 Wash. 168, 213 Pac. 919. It is plain, therefore, that under the first action filed, which was for unlawful detainer, the court would and could not proceed to determine the equitable relief demanded, which was the foreclosure of the lien, and therefore respondent had a right to file another action for the foreclosure.

Appellant insists that the remedy provided by the landlord lien law is not a cumulative remedy, and that its purpose was to give the landlord merely a new way of enforcing payment of rent, but that, if either is chosen, it is an election of remedies and bars the other. This seems to be the rule where the remedies are inconsistent with each other, but these remedies are not. The right to foreclose the lien is not a bar to a judgment for the rent due. Either remedy, or both, may be pursued until satisfaction is had. A recovery and satisfaction in one would operate as a bar to the other. *Erickson v. Ward,* 266 Ill. 259, 107 N. E. 593, Ann. Cas. 1916B 497; *Pierce v. Kinney,* 152 App. Div. 638, 137 N. Y. Supp. 475.

It is said that the bringing of the unlawful detainer action, wherein the recovery of the rent was asked for, was a waiver of the right of lien, but in that action the lien was set up and a foreclosure was prayed for, showing clearly an intention not to waive the rights thereunder.

[2] It is next contended that the court erred in adjudging the chattel mortgage inferior to the lien.

The chattel mortgage was made by the Crescent Meat Company a corporation, and signed by J. W. Ploe, as president, and covered a large amount of detailed

personal property of the Crescent Meat Company, of 1523 Fifth Avenue, Seattle, Washington. The evidence showed that the place of business of the Crescent Meat Company was 1522 Fifth Avenue, and the court held the description was wrong and the mortgage invalid as to the claim of respondent. The statutes make such a mortgage invalid as to certain third persons, of whom respondent is one, unless it be accompanied by an affidavit of good faith and is acknowledged.

The acknowledgment appears to be fatally defective. The statute, Rem. Comp. Stat., § 10567, provides a form of acknowledgment for corporations. The form used in this case was that commonly provided for individuals, and lacks four essential elements of the statutory form for corporations: (1) fails to show that the person signing the mortgage was known to the notary to be an officer of the corporation which executed the mortgage; (2) that he acknowledged the same to be the free and voluntary act of the corporation; (3) that he was authorized to execute it on behalf of the corporation; and (4) that the seal affixed was the corporate seal.

Appellant has argued the question of whether the misdescription of the location of the property is so misleading as to make the mortgage invalid under the statute, contending that the property is otherwise sufficiently described to enable it to be identified. It seems unnecessary to determine this question, inasmuch as the mortgage lacks the acknowledgment required by statute, which of itself invalidates it as to certain third persons specified in the statute. *Clarksburg Casket Co. v. Valley Undertaking Co.*, 81 W. Va. 212, 94 S. E. 549, 3 A. L. R. 660; *Gessner v. Minneapolis St. P. & S. S. M. R. Co.*, 15 N. D. 560, 108 N. W. 786.

[3] Appellant insists that, as objection to the form of acknowledgment was not made in the trial court, it

is too late to urge it upon appeal. It is true that we will not determine cases here upon a different theory than that presented to the trial court; yet, when the statute makes an instrument in this form void as to creditors, we will not hold it valid in face of the statute, simply because the point was not urged on the trial, especially when the court has properly held the instrument void, although, perhaps, upon the wrong ground.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, FULLERTON, and BRIDGES, JJ., concur.