[No. 23605.  Department One.  April 8, 1932.]

BANK OF COMMERCE OF ANACORTES, *Respondent,* v.
KELPINE PRODUCTS CORPORATION OF
AMERICA, *Appellant.*[1]

*Tucker & Tucker* and *R. V. Welts,* for appellant.
*Ben Driftmier* and *R. W. Greene,* for respondent.

MITCHELL, J.—On March 26, 1929, Smith Products
Company, a corporation, engaged in manufacturing
soap at Anacortes, Washington, was and for some
time had been indebted to the Bank of Commerce of
Anacortes in several separate amounts, which on that
date were consolidated into a promissory note in the
sum of $1,684.35, signed by Smith Products Company

[1]Reported in 10 P. (2d) 238.

and delivered to the bank. At the same time, and as security for the payment of the note, the Smith Products Company executed and delivered its chattel mortgage in the same amount to the bank on all or nearly all of the tangible chattel property of the mortgagor (the same being used in and about the mortgagor's place of business), which mortgage was filed in the office of the county auditor on that day.

Thereafter, one C. H. Freeman, an unsecured labor creditor of the Smith Products Company, commenced an action as such creditor against the Smith Products Company in the superior court, wherein such proceedings were had that, upon application, a general receiver was appointed for the Smith Products Company as an insolvent corporation. During the pendency of that action, claims in the total sum of $9,442.90 on account of labor furnished the Smith Products Company were filed with the receiver, who, by order of the court, sold the personal property of the Smith Products Company, the same being the property covered by the bank's chattel mortgage.

The receiver's sale was at public auction to.C. H. Freeman for $4,100. The sale was approved by order of the superior court, whereupon, in consideration of the price bid, the receiver gave to Freeman a bill of sale and delivered the property to him. Thereafter, Freeman sold and delivered the chattels to one who, in turn, sold and delivered them to the defendant in this action, Kelpine Products Company of America, a corporation.

Thereafter, the bank, which had not entered any appearance in the Freeman suit or the receivership proceedings therein, brought the present action in foreclosure of its chattel mortgage. The defendant answered, among other things, that it became the owner of the property through the receiver's sale, as herein-

above described, and, further, that the bank's chattel mortgage was void as to the rights of the defendant and its predecessor in interest, purchaser at the receiver's sale. The court entered a decree foreclosing the chattel mortgage, from which the defendant has appealed.

Rem. Comp. Stat., § 3780, provides as follows:

"A mortgage of personal property is void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and encumbrancers for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged and filed within ten days from the time of the execution thereof in the office of the county auditor of the county in which the mortgaged property is situated as provided by law."

That is, for the purposes of the decisive features of this case, the statute says that a mortgage of personal property *is void* as against all creditors of the mortgagor both existing and subsequent, whether or not they have or claim a lien upon such property, unless, among other things, it is acknowledged, which, of course, means acknowledged in the manner and form required by statute, since the subject is covered by statute.

Rem. Comp. Stat., § 10567, reads as follows:

"Certificates of acknowledgment of an instrument acknowledged by a corporation substantially in the following form shall be sufficient:

"State of..............................................,⎞
"County of..............................................,⎠ss.

"On this................day of................................, A. D., 190......, before me personally appeared................................, to me known to be the (president, vice-president, secretary,

treasurer, or other authorized officer or agent, as the case may be) of the corporation that executed the within and foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that he was authorized to execute said instrument and that the seal affixed is the corporate seal of said corporation.

"In witness whereof, I have hereunto set my hand and affixed my official seal the day and year first above written.

"..................................................... .................................

" (Signature and title of officer.) "

By the certificate of the notary public in this case, it appears that the acknowledgment was made by one purporting to be the president of the corporation, mortgagor. The certificate contains no statement whatever as to whether such officer of the corporation stated on oath "that he was authorized to execute said instrument;" nor is there any reference in the certificate with respect to the requirement in the statutory clause "that the seal affixed is the corporate seal of said corporation." Indeed, the chattel mortgage, a certified copy of which is in evidence, fails to show, or in any manner mention, a corporate seal in the body of the instrument, in connection with the signature of the corporation, or with relation to the acknowledgment to the instrument. These requirements are substantial and essential, being prescribed by statute, and there was no attempt to substantially, or otherwise, comply with them.

The case in this respect is controlled by *Yukon Investment Co. v. Crescent Meat Co.*, 140 Wash. 136, 248 Pac. 377, wherein it was held that a chattel mortgage having an acknowledgment defective in four particulars prescribed by statute was void as to certain third persons mentioned in the statute. While the

acknowledgment in that case was defective in four particulars and here in only two, the result must be the same. The statute is not satisfied with less than substantial compliance in all respects prescribed. Such is the holding in the *Yukon Investment Co. v. Crescent Meat Co.* case, wherein the cases of *Clarksburg Casket Co. v. Valley Undertaking Co.,* 81 W. Va. 212, 94 S. E. 549, 3 A. L. R. 660, and *Gessner v. Minneapolis St. P. & S. S. M. R. Co.,* 15 N. D. 560, 108 N. W. 786, are cited and relied on.

In the West Virginia case, a mortgage or deed of trust given by a corporation to secure the payment of its promissory note was adjudged to be invalid as to certain third parties mentioned in the statute, because the certificate of acknowledgment omitted the clause "and that said writing was signed and sealed by him in behalf of said corporation," which clause the court said "is a part of the form prescribed" by the code. In that case, the court said:

"Though literal compliance with the form of acknowledgment prescribed for corporations is not essential, there must be a substantial compliance with it. The statute itself says a certificate may be in form or effect as therein prescribed. The clause omitted is obviously a substantial one and lack thereof is not supplied by any equivalent words. The executing officer is required to swear 'that said writing was signed and sealed by him in behalf of said corporation.' It is not enough that he has authority generally to execute deeds and other instruments for and on behalf of the corporation. He must swear that he had authority to execute the particular instrument he acknowledges. He is not the corporation, nor has he power to do all the things it might do. Whether the corporation itself authorized the execution of the particular instrument is a vital matter, and he is required to swear that it did. Though the deed says he executed it by authority of the corporation duly given, that statement is not in the affidavit, nor was it made

on oath as the statute requires it to be. The omission of this clause manifestly vitiates the certificate. *Abney v. Ohio Lumber & Mining Co.*, 45 W. Va. 446 [32 S. E. 256]; *Isham v. Bennington Iron Co.*, 19 Vt. 230; Warvelle on Vendors 519; Dev. on Deeds, sec. 508."

To the same effect is the North Dakota case cited.

In the case of *Inland Finance Co. v. Ingersoll Co.*, 124 Wash. 72, 213 Pac. 679, wherein deficiencies in the corporate acknowledgment were different from those in the later case of *Yukon Investment Co. v. Crescent Meat Co., supra,* and different from those in the present case, it was held that, notwithstanding inaccuracies in the acknowledgment, the instrument should be held good under the statutory policy of substantial compliance. However, upon further consideration, we conclude that anything said in that case inconsistent with the later case of *Yukon Investment Co. v. Crescent Meat Co., supra,* which we follow in the present case, may be considered overruled.

■ The remaining question in the case is whether the appellant is situated so that he can urge the invalidity of the chattel mortgage. He has succeeded to the rights of C. H. Freeman, the purchaser at the receiver's sale. Freeman commenced the action wherein the receiver was appointed, and presented unsecured claims against the insolvent corporation in an amount about equal to the amount of the chattel mortgage held by the bank. There were filed in the receivership proceedings unsecured labor claims in the sum of $9,442.90, on account of which all of the mortgaged property was sold for only $4,100 to Freeman.

The situation is controlled by the holding in the case of *Mutual Investment Co. v. Walton Machine Co.*, 91 Wash. 298, 157 Pac. 682. That was an action to foreclose an alleged chattel mortgage against the Walton Machine Company, a corporation, and W. F. Downie,

its receiver. After the mortgage was given, the corporation giving it became insolvent, and thereafter a receiver was appointed to wind up its affairs. After the receiver was appointed and took possession of the mortgaged property, the mortgagee brought the action to foreclose the mortgage. The question in the case was whether the chattel mortgage, being void as to certain creditors, was "superior to the rights of unsecured creditors of the mortgagor represented by a receiver appointed for an insolvent corporation." The trial court held that the chattel mortgage was void, and denied foreclosure.

Upon affirming the judgment, this court, upon discussing certain cases that the appellant there relied on, where the word "creditors" as used in the chattel mortgage statute was defined, and upon stating that "those were cases where the rights of creditors of an insolvent corporation after a receiver was appointed were not considered," said:

"It seems too plain for discussion that, after a receiver has been appointed and the property of an insolvent corporation taken into his possession, neither the debtor nor a creditor, after that time, by any act of his, may create a new lien upon the property.

"While the receiver takes only the title of the debtor at the time of appointment, and holds no greater interest than the debtor had, yet he takes the property into his custody as an officer of the court, and neither the debtor nor his creditors, after that time, can create or perfect liens which have not been perfected prior to the time of the receiver's appointment and possession of the debtor's property.

"In this case, the chattel mortgage was void under the statute at the time the receiver took possession of the property. The status of the mortgagor and the mortgagee was fixed as of that time. The mortgagor could not thereafter make the affidavit required by the statute; and could not file his mortgage for record so that it would be a lien against the property in the

hands of the receiver. When the receiver took possession of the property, his possession was *custodia legis*. And being a trust fund for the payment of all creditors, no creditor could at that time obtain a preference over another. In short, when the receiver was appointed for this particular property, the mortgagee, having a void mortgage, could obtain no preference over other creditors, and is entitled to share in the property only the same as other creditors.''

It appears that, during the pendency of this action, the appellant gave a bond with the National Surety Company of New York, a corporation, as surety, which, by stipulation of the parties, was considered as a substitute for and instead of the personal property described in the chattel mortgage, against which bond, as the finding was in favor of the foreclosure, judgment has been entered for the amount of the debt the mortgage was given to secure.

Upon consideration of the whole record, the judgment appealed from is reversed, and the cause remanded to the superior court with directions to set aside the judgment against the appellant and the surety on his bond and to dismiss the action as to them; and further to the effect that the chattel mortgage involved was void as to the rights of creditors involved, and that the receiver's sale carried title to the property free and clear of any right or claim on account of the mortgage.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.