[No. 25076.   Department One.   January 26, 1935.]

JOHN BRADY, *Appellant,* v. FRIGIDAIRE SALES CORPORATION *et al., Respondents.*

*Karl H. Kober,* for appellant.

*Stern & Stern* and *Allen Orton,* for respondents.

BEALS, J.—Plaintiff caused to be transferred to the superior court for trial a "notice and sale" chattel mortgage foreclosure instituted by defendant Frigidaire Sales Corporation, and the action, following the usual course, then became one in which that defendant sought foreclosure of its chattel mortgage over the objection of plaintiff, the owner of the mortgaged

[1]Reported in 40 P. (2d) 166.

property. From a judgment foreclosing the chattel mortgage, plaintiff has appealed. Claude G. Bannick, as sheriff of King county, is a nominal party defendant, but in this opinion Frigidaire Sales Corporation will be referred to as though it were the only respondent.

Prior to May 1, 1930, Edward Brady was the owner of an unimproved lot in the city of Seattle. On the date mentioned, Mr. Brady entered into a contract with MacKintosh Truman Lumber Company, a corporation, whereby the latter, for a consideration of $79,125, agreed to construct an apartment house upon Mr. Brady's property according to plans and specifications which were made a part of the contract. Under the heading "REFRIGERATION," the contractor agreed to

". . . install a multiple system of refrigeration of manufacture equal to Frigidaire, with a porcelain enamel box in each kitchen."

The building was constructed according to plan, and certain refrigeration equipment placed therein. The contractor received his money in full under the contract, but failed to pay respondent for the refrigeration equipment which it furnished; hence this action to recover a considerable portion of the purchase price, secured by a chattel mortgage on the equipment. This chattel mortgage was not security for any note, but constituted the entire transaction between the parties.

In this connection, it appears that D. B. MacKintosh was the treasurer of the contractor, and was in charge of its building operations. Mr. MacKintosh selected respondent's refrigeration equipment for Mr. Brady's building, a down payment of five hundred dollars having been made. At the time of the purchase, Mr. MacKintosh individually signed a contract of conditional sale, agreeing to purchase this equipment from respondent. A few weeks later, still acting in his indi-

vidual capacity, he executed in favor of respondent the chattel mortgage here in suit, which chattel mortgage was regularly filed for record in the office of the auditor of King county within ten days after its date. By the acceptance of the chattel mortgage, respondent, in effect, acknowledged receipt in full of all sums due under the contract of conditional sale, and released the property from all claim under that contract. The affidavit of good faith and acknowledgment of the chattel mortgage above referred to are in the following form:

"State of Washington}
 County of King        } ss.

"And D. B. MacKintosh, being duly sworn, on oath deposes and states, each for himself; that he is the............ respectively of the said mortgagor corporation, that he makes this affidavit in its behalf, and is authorized so to do, that the aforesaid mortgage is made in good faith, and without any design to hinder, delay or defraud creditors, and further deposes and says that no labor has been performed, or materials furnished, in the construction or the repair of the mortgaged property for which a lien may be filed.

"D. B. MacKintosh

"Subscribed and sworn to before me this 28th day of November, 1930.

(L. D. S. Notarial Seal)          L. D. Stull
(Com. Ex. Sept. 14, 1934)    Notary Public in and for
                                          the State of Washington,
                                          residing at Seattle.

"State of Washington} ss.
 County of King        }

"On this 28th day of November, 1930, before me, a notary public in and for the State of Washington, personally came D. B. MacKintosh, to me known to be the............................ respectively of the corporation that executed the within and foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said corporation for the uses· and purposes therein mentioned, and on oath stated that he was authorized to execute said instru-

ment and that the seal affixed thereto is the corporate seal of said corporation

"Witness my hand and official seal the day and year in this certificate first above written.

| (L. D. S. Notarial Seal) | L. D. STULL |
| (Com. Ex. Sept. 14, 1934) | Notary Public in and for the State of Washington, residing at Seattle." |

November 28, 1932, Edward Brady conveyed the apartment house property and all the personal property therein contained, including the refrigeration equipment here in question, to one Albert Meinhardt, and on January 25 following, Mr. Meinhardt, by deed and bill of sale, conveyed the same real and personal property to appellant, John Brady. Money falling due to respondent under the chattel mortgage being unpaid, the proceeding for the foreclosure of the chattel mortgage was instituted during the month of February, 1933. D. B. MacKintosh was named as the party to the superior court action, and was served with process. He made no appearance, and in due time his default was regularly entered.

Appellant assigns error upon the finding of the trial court to the effect that MacKintosh Truman Lumber Company had no title to the property covered by the mortgage, and upon the conclusions of law made by the court to the effect that appellant was not entitled to take advantage of the irregularities in the execution of the chattel mortgage above referred to, and that respondent was entitled to judgment foreclosing the same.

We shall first discuss appellant's contention that the trial court erred in making the finding of fact upon which error is assigned.

In his answer to respondent's cross-complaint asking for the foreclosure of its mortgage, appellant alleged that, in purchasing the refrigeration equipment

under the conditional sale contract and in mortgaging the same to respondent, D. B. MacKintosh was acting for and on behalf of the MacKintosh Truman Lumber Company, and that all parties to the transaction intended that the property be sold to the corporation instead of to Mr. MacKintosh as an individual. Respondent moved to strike these allegations from the appellant's answer, and its motion was granted by the court commissioner of King county, which order was not brought before the superior court for review. On the trial of the action, appellant offered Mr. MacKintosh as a witness on his behalf; and the court, over respondent's objection, permitted the witness to testify concerning the details of the transaction involving the purchase of the equipment and the execution by him of the chattel mortgage thereon.

Respondent contends that this evidence was without the issues, was therefore improperly admitted and should not now be considered. A sufficient answer to this argument is found in Rule of Practice III (Rem. Rev. Stat., § 308-3 [P. C. § 8676-6]) now in effect, under which pleadings may be amended to conform to the proof, even after a case has reached this court on appeal. If we should hold that the evidence was competent, the pleadings would be, by this court, considered as amended.

The first question to be considered, then, must be determined squarely upon the facts disclosed by the record, and is whether or not the legal evidence preponderates against the finding of the trial court to the effect that appellant claims title through MacKintosh Truman Lumber Company, a corporation, which corporation had no right or title in or to the refrigeration equipment with which we are here concerned.

Mr. MacKintosh testified that, during the period in

question, he was treasurer of the MacKintosh Truman Lumber Company (which will hereinafter be referred to as the Lumber Co.) and the head of its building department; that, as agent of the Lumber Co., he arranged for the purchase of respondent's Frigidaire equipment for installation in the apartment house the contract for the construction of which he had executed on behalf of the Lumber Co.; that respondent's agent knew that the Lumber Co. was extensively engaged in building operations as a contractor, and that it had used much of respondent's equipment in its construction work; that the payments which were made to respondent were made by the Lumber Co. out of its funds and were evidenced by its corporate checks; and that respondent's agent frequently came to the Lumber Co.'s office and was well informed as to its business.

The witness further testified that he never had any interest whatever in the equipment, and that the same belonged to the Lumber Co. and Mr. Brady; and that, at the time of the transaction in question, he was doing no contracting whatever in his own name. The witness also stated that the papers were prepared by respondent, and that the only reason he could think of for using his name as an individual, instead of that of the corporation, was that he had a contract with respondent according to the terms of which he would receive a special rate if he purchased a certain number of Frigidaire equipments during any year. In this connection, it is significant to note that the chattel mortgage in suit names neither mortgagor nor mortgagee. The instrument commences as follows:

"The undersigned Mortgagor hereby purchases from the undersigned mortgagee, subject to the terms and conditions hereinafter set forth, the following property, . . ."

Throughout the instrument the mortgagor is simply referred to by that title. It is signed

"D. B. MACKINTOSH                          (L. S.)
    (Purchaser—Mortagor's Signature)
% Mackintosh Truman Lbr. Co.
    (Official Title, if Company)
White Henry Stuart Bldg.
    (Purchaser's Address—Street, Town, State)
      Seattle, Wash.
FRIGIDAIRE SALES CORPORATION      (L. S.)
    (Seller—Mortagagee's Signature)
      SEATTLE BRANCH
By L. D. Stull, Credit Manager
    (Official Title, if Company)
    Seller's Address—Street, Town, State)"

Following the signatures, appear the affidavit of good faith and form of acknowledgment, each evidently, as above set forth, prepared for execution by officers of a corporation.

Most of the formal matters in connection with respondent's proof were covered by an agreed statement of facts which is part of the record. Respondent introduced no evidence other than formal proof of its claim, and did not attempt to controvert the testimony of the witness MacKintosh.

In making its findings, then, the trial court did not consider conflicting evidence. The trial court might not have believed the testimony of Mr. MacKintosh, but in the memorandum opinion which appears as part of the statement of facts it is nowhere stated that the court disbelieved his testimony, and, indeed, the contrary rather appears. Probably, the court deemed most of it incompetent. The testimony was competent. If respondent were now suing the Lumber Co., certainly it could show that it, in fact, purchased the material.

From the uncontradicted testimony, it must be held that, in dealing with respondent, D. B. MacKin-

tosh was the agent of the Lumber Co., and that the Frigidaire equipment was, in fact, sold to the corporation, and not to Mr. MacKintosh as an individual. Mr. MacKintosh's testimony was not discredited or broken down in any way. The questions of law arising therefrom present difficulties, but from the record before us we find nothing to support the finding of the trial court to the effect that the Lumber Co. had no right or title in the equipment described in the chattel mortgage signed by Mr. MacKintosh. On the contrary, it must be held from the record that Mr. MacKintosh took a paper title to the property as agent and trustee for the corporation of which he was treasurer, and manager in so far as building operations were concerned.

■ As to the chattel mortgage, the form of acknowledgment attached thereto, hereinabove set forth, must be held insufficient. Mr. MacKintosh, as an individual referred to as an undesignated officer of the corporation that executed the instrument, acknowledged the same to be the free and voluntary act and deed "of said corporation for the uses and purposes therein mentioned." This is not a good acknowledgment by Mr. MacKintosh as an individual.

It is true, as argued by respondent, that, where a certificate of acknowledgment contains everything required by statute to be included therein, it will not be vitiated by the insertion of unnecessary words, citing 1 C. J. 844, and 1 R. C. L. 283, § 60. Respondent argues that, because the certificate of acknowledgment contains the words, "for the uses and purposes therein mentioned," it should be held sufficient, citing *Bauer v. Schmelcher*, 5 N. Y. Supp. 423. The case cited is not exactly in point, but, in any event, we are not impressed by the reasoning of the opinion, and prefer to follow the reasoning of the opinions of this court in *Yukon Investment Co. v. Crescent Meat Co.*, 140

Wash. 136, 248 Pac. 377, and *Bank of Commerce v. Kelpine Products Co.*, 167 Wash. 592, 10 P. (2d) 238.

While it is true that substantial compliance with the statute providing for the acknowledgment of written instruments is all that the law requires, and while all pertinent portions of the instrument should be considered in determining the sufficiency of an acknowledgment as to matters of form, we hold that the certificate of acknowledgment to the chattel mortgage now under discussion is fatally defective in that it certifies that D. B. MacKintosh acknowledged the instrument to be the free and voluntary act and deed of a corporation, and that he did not acknowledge it to be his free and voluntary act and deed.

Evidence to the effect that appellant is a purchaser of the apartment house property for value and in good faith and without actual notice of respondent's claim, stands uncontradicted. As we hold that, as between the parties to this action, the Frigidaire equipment was in fact purchased and installed by MacKintosh Truman Lumber Company, and as the chattel mortgage from Mr. MacKintosh to respondent is defective because of an insufficient acknowledgment, it follows that the trial court erred in foreclosing respondent's mortgage.

The judgment appealed from is reversed, with instructions that a judgment be entered in appellant's favor.

MILLARD, C. J., MAIN, STEINERT, and MITCHELL, JJ., concur.