[No. 30816. Department One. July 7, 1949.]

Bradley Distributing Company, *Respondent*, v. Seattle-First National Bank, *Appellant*, W. R. Cole, *as Receiver, Respondent*.[1]

*Emory, Howe, Davis & Riese*, for appellant.

*Short & Short* and *J. D. Thomas, Jr.*, for respondents.

[1] Reported in 208 P. (2d) 141.

HILL, J.—The principal question here presented is: Are chattel mortgages void as to the receiver of the corporate mortgagor solely by reason of the absence therefrom of the mortgagor's corporate seal?

The question arose in consequence of the institution of chattel mortgage foreclosures by the appellant to recover the principal balance of $5,704.29 plus interest and attorney's fees. The receiver of the mortgagor intervened, claiming title to the trucks and equipment covered by the chattel mortgages free from the lien thereof. By stipulation, the mortgaged property was sold and the sum of sixty-three hundred dollars from the proceeds of the sale was deposited in the registry of the court, with the lien of the mortgages, if determined to be valid, remaining affixed to the sum so deposited.

The trial court was called upon to determine whether the bank was entitled to a lien in the sum of $5,704.29, together with interest thereon and an attorney's fee, or whether the receiver was entitled to the sixty-three hundred dollars free of any lien, the bank having the status of a general creditor. The trial court concluded that, because the corporate seal of the mortgagor was not placed on the mortgages, they were void as to creditors and, hence, as against the receiver, not liens on the sixty-three hundred dollars in the registry of the court; and from a judgment so decreeing, this appeal is taken.

Blackstone said:

"A corporation, being an invisible body, cannot manifest its intentions by any personal act or oral discourse: it therefore acts and speaks only by its common seal." 1 Blackstone's Commentaries 475.

But, as was pointed out by the United States supreme court in *Bank of Columbia v. Patterson's Adm'n*, 11 U. S. (7 Cranch) 298, such a rule was "productive of great mischiefs," and, whatever the rule may have been "antiently," it was then (1812, February term) established in both England and the United States that corporations might be bound by unsealed contracts. The court said:

"Public policy, therefore, as well as law, in the judgment of the Court, fully justifies the doctrine which we have endeavored to establish. Indeed, the opposite doctrine, if it were yielded to, is so purely technical, that it could answer no salutary purpose, and would almost universally contravene the public convenience. Where authorities do not irresistibly require an acquiescence in such technical niceties, the Court feel no disposition to extend their influence."

Paraphrasing the final sentence in the foregoing quotation, we would say that, unless authorities—legislative or judicial—"irresistibly" require us so to do, this court feels no disposition to hold that a chattel mortgage given in good faith and for a valuable consideration is void as to creditors because the mortgagor neglected to place thereon its corporate seal.

Rem. Rev. Stat. (Sup.), § 3803-11 (2a) [P.P.C. § 441-19], authorizes a Washington business corporation to have a seal, but we find nothing *requiring* such a corporation to have a seal, or to use a seal if it has one.

An examination of Rem. Rev. Stat., Title 23, chapter 1, entitled "Chattel Mortgages," being §§ 3779-3789, inclusive, together with the various amendments thereto, fails to disclose any requirement that a corporate seal be placed upon a chattel mortgage.

There being no provision in the statutes relating to either corporations or chattel mortgages requiring a corporate seal on a chattel mortgage, and there being no such requirement in the mortgagor's articles of incorporation, we hold that the law applicable here is as stated in 10 Am. Jur. 764, Chattel Mortgages, § 74, *i.e.*:

"A seal is no more necessary to the validity of a chattel mortgage given by a corporation than to one given by an individual."

We also agree with the further statement immediately following the foregoing quotation, to the effect that it is better that a corporate seal be affixed

". . . because, in the absence of the seal, there is no presumption that the mortgage is a corporate act, thus making it necessary to give independent evidence of that fact."

In the present case, it has been stipulated that the execution of the mortgages was the act of the corporation.

The respondents' argument in support of the judgment runs as follows:

(a) A chattel mortgage is void against all creditors unless acknowledged. Rem. Supp. 1943, § 3780 [P.P.C. § 186-3].

(b) The acknowledgment of a chattel mortgage must conform substantially to the form for corporate acknowledgments as set out in Rem. Rev. Stat., § 10567 [P.P.C. § 499-11]. See, also, *Bank of Commerce v. Kelpine Products Corp.*, 167 Wash. 592, 10 P. (2d) 238.

(c) There are four essential elements to an acknowledgment as set forth in Rem. Rev. Stat., § 10567, *i.e.*: (1) that the person signing the instrument is known to the notary to be an officer or agent of the corporation executing the instrument; (2) that such officer or agent acknowledges it to be the free and voluntary act and deed of the corporation and (3) states on oath that he is authorized to execute it on behalf of the corporation and (4) that the seal affixed is the corporate seal of the corporation. *Yukon Inv. Co. v. Crescent Meat Co.*, 140 Wash. 136, 248 Pac. 377; *Bank of Commerce v. Kelpine Products Corp., supra.*

(d) The fourth essential element of the acknowledgment was lacking, because there was no corporate seal on any of the chattel mortgages in the present case.

(e) Therefore, the chattel mortgages were void as to creditors, and the receiver was entitled to the trucks or the proceeds of the sale thereof, free from the lien of the chattel mortgages.

It must be conceded that the respondents have made the most out of what they had to work with, but their argument is fallacious.

First, it is questionable whether Rem. Rev. Stat., § 10567, setting forth the form of a corporate acknowledgment, applies to chattel mortgages. It was § 14, p. 37, of chapter 33 of the Laws of 1929, and the title of that act was

"An Act relating to *conveyances and encumbrances of real estate*, authorizing certain officers to take acknowledg-

ments, prescribing forms, and repealing certain acts relating thereto." (Italics ours.)

■ Second, in the instant case the affidavit of good faith required by Rem. Supp. 1943, § 3780, accompanied each chattel mortgage, the acknowledgments were in the statutory form and included all four of the so-called "essential elements," and the chattel mortgages were timely filed in the proper office. The respondents do not contend otherwise, but say that that part of the acknowledgments reciting "that the seal affixed thereto is the corporate seal of said corporation" is false because there is no seal affixed.

It seems clear to us that the acknowledgments are not defective. They contain all four of the elements denominated "essential" in the *Yukon Investment Company* and *Bank of Commerce* cases, *supra.* It is the absence of the seal from the instruments themselves, and not an element missing from the acknowledgments, that the respondents must rely upon to support the ruling of the trial court. But, as we have heretofore seen, the absence of the corporate seal does not affect the validity of a chattel mortgage made by a corporate mortgagor.

■ Third, despite what we may have said in the *Yukon Investment Company* and *Bank of Commerce* cases relative to the four "essential elements" in a corporate acknowledgment, we think it is apparent that, while the first three of the so-called "essential elements" referred to in those decisions are actually essential to the validity of the instrument to which the acknowledgment is appended, *i.e.*: (1) that the person signing the instrument be an officer or agent of the corporation executing it, (2) that it be the free and voluntary act and deed of the corporation, and (3) that the person executing the instrument be authorized to execute it on behalf of the corporation; it is equally apparent that the fourth element, the affixing of the seal to the instrument, is not essential to the validity of the instrument, and, consequently, the omission from the acknowledgment of the statement that the seal affixed is the seal of the corporation, if the corporation has no seal or if the corporate seal has not

been placed upon the instrument, does not render the acknowledgment defective. Its inclusion in the acknowledgment in either of such cases is surplusage.

This does not involve any overruling of any of our decisions, as in each instance where we have declared a chattel mortgage to be void by reason of a defective acknowledgment, one or more of the three elements which are really essential had been omitted.

The judgment of the trial court is reversed, with instructions to enter a judgment giving the appellant a lien in the sum of $5,704.29, together with interest, and a reasonable attorney's fee to be fixed by the court, on the sixty-three hundred dollars in the registry of the court which stands in lieu of the mortgaged property.

JEFFERS, C. J., BEALS, STEINERT, and MALLERY, JJ., concur.

August 15, 1949. Petition for rehearing denied.