### In re ATLANTIC SMOKELESS COAL CO.
### No. 2820.

United States District Court
S. D. West Virginia, Charleston Division.
Feb. 15, 1952.

C. A. Tutwiler, Welch, W.Va., for petitioner.

Kingdon & Kingdon, F. T. Kingdon, all of Mullens, W.Va., for respondent.

MOORE, Chief Judge.

On October 1, 1951, the Referee entered a final order fixing priorities of claims against the bankrupt, there being available for distribution the sum of $41,853.41.

Petitioner, Arlington Trust Company, claimed a lien by virtue of a deed of trust on a large amount of miscellaneous personal property and real estate. Such claimed lien, if allowed, would have priority, at least as to such of the property described therein as could be identified and which was located in McDowell County, West Virginia, over the claims of the United States of America for various taxes, the State of West Virginia for various taxes, Okey Bishop, an attachment creditor of bankrupt, and C. L. Lambert, an employee of the bankrupt. If it is found that the Arlington Trust Company's lien does take priority over them, it might also be superior to the claims of these creditors, and that of the landlord as to property located in Wyoming County, West Virginia, depending upon whether recordation of the deed of trust in McDowell County, under

the circumstances, gave such priority as to property in Wyoming County.

The Referee found that Arlington Trust Company had no lien whatever prior to any other lien creditors, upon any of the property because, in the Referee's opinion, its deed of trust securing its claim was not acknowledged in form or effect as required by the West Virginia Statute, and therefore not recordable. The question presented on the petition for review and the Referee's certificate is whether or not the acknowledgment by the officers of Atlantic Smokeless Coal Company to the trust deed given to secure the loan procured by it from Arlington Trust Company complies with the statutory requirements of the State of West Virginia.

I am of opinion that, while the certificate of acknowledgment is not in the form prescribed by the statute, it does have the required effect. Section 3955 [39–1–9], Michie's West Virginia Code of 1949, reads as follows:

"Acknowledgment by Corporations.—The certificate of acknowledgment of a corporation may be in form or effect as prescribed in section four (§ 3950) of this article as far as the words 'do certify' and thence as follows: do certify that ...............,
who signed the writing above (or hereto annexed), bearing date the ........ day of ................, 19...., for ............ (name of corporation), has this day in my said county, before me, acknowledged the said writing to be the act and deed of said corporation.

"Given under my hand this ........ day of ..............., 19.....
..................."

The part of the form given in Section 3950 [39–1–4] which is referred to in Section 3955, reads as follows:

"State (territory or district) of ........,
county of ............, to-wit:

"I, ..............., a commissioner, appointed by the governor of the State of West Virginia, for the said State (or territory or district) of ...........; or I, ............,
a justice of the peace of the county aforesaid; or I, ..................., recorder of said county; or I, ..................., a

notary public of said county; or I, ........
........, a prothonotary (or clerk) of the
............... court of said county; (or other officer or person authorized to take acknowledgments by section three (§ 3949) of this article, as the case may be) * * * ."

The certificate of acknowledgment appended to Arlington Trust Company deed of trust reads as follows:
"*State of Virginia*
*County of Arlington,* to-wit:

"I, *Mabel Davis,* a *Notary Public* in and for the *County of Arlington,* Do Hereby Certify that *Norman W. Lee, President, and W. J. Hardy, Secretary, of Atlantic Smokelesss Coal Company,* parties to a certain Deed, bearing date on the *23rd* day of *April 1946,* and hereto annexed, personally appeared before me in said *County* the said *Norman W. Lee, President and W. J. Hardy, Secretary, of Atlantic Smokeless Coal Company,* being personally well known to me as the persons who executed the said Deed and acknowledged the same to be *their* act and deed.

"Given under my hand and seal this *23rd* day of *April 1946.*
"*Mabel Davis* (Seal)
*Notary Public*
"*My commission expires November 4, 1946.*"

The deed of trust to which the foregoing certificate of acknowledgment was appended was written on a printed form intended for use in the District of Columbia. In the certificate of acknowledgment the printed words "District of Columbia" were crossed out and the name of the state and county substituted; and all the rest of the form was printed, except that part which is here italicized; the insertions were written in with a typewriter; and of course the notary signed her name with a pen.

▇ It is settled in West Virginia that an instrument which is not acknowledged in form or effect as required by the statute may not be admitted to record; and if nevertheless accepted by the County Clerk and copied in the record books it is ineffective to give notice to creditors or purchasers. Cox v. Wayt, 1885, 26 W.Va. 807.

The present statute prescribing the form of a certificate of acknowledgment of a

corporation was passed by the West Virginia Legislature in the year 1931. It was part of a general revision and recodification of the statute law of West Virginia, which was accomplished at that time. Previously, the acknowledgment statute in West Virginia contained requirements other than mere acknowledgment by an officer. This old statute was as follows: "Acknowledgments by corporations.—The certificate of acknowledgment of a corporation or joint stock association may be in form or effect as prescribed in the next preceding section down to the star and then as follows: 'Do certify that ———— personally appeared before me in my said —————————, and being by me duly sworn (or affirmed) did depose and say that he is the president (or other officer or agent) of the corporation (or association), described in the writing above (or hereto annexed), bearing date the ———— day of —————————, 18—, authorized by said corporation (or association), to execute and acknowledge deeds and other writings of said corporation (or association), and that the seal affixed to said writing is the corporate seal of said corporation (or the seal of the said association as the case may be), and that said writing was signed and sealed by him in behalf of said corporation (or association) by its authority duly given. And the said ————————————— acknowledged the said writing to be the act and deed of said corporation (or association.)' Or if the corporation has no corporate seal, or the association has no seal, omit the words 'seal affixed to said writing is the corporate seal of said corporation, (or the seal of said association, as the case may be),' and say 'said corporation (or association) has no seal.' And in such case omit the word 'sealed' after the words 'signed and,' and insert in lieu of it the word 'executed.' (Acts 1875, c. 67; 1882, c. 149; 1891, c. 23.)" Barnes W.Va.Code 1923, Ch. 73, § 5.

In the West Virginia case of Abney v. Ohio Lumber and Mining Company, 1898, 45 W.Va. 446, 32 S.E. 256, it was held that a certificate of acknowledgment which failed to show that the officer of a corporation who signed the instrument was sworn, as required by the old statute, was fatally defective; and in Clarksburg Casket Company v. Valley Undertaking Company, 1917, 81 W.Va. 212, 94 S.E. 549, 550, 3 A.L.R. 660, this was followed by the holding that although the certificate did show that the officer of the corporation was sworn, yet, because the words "and that said writing was signed and sealed by him in behalf of said corporation" were omitted from the affidavit, the acknowledgment was fatally defective. This case, being the last word of the West Virginia Supreme Court of Appeals on the subject, is the case relied on by respondents to establish the unrecordability of the Arlington Trust Company's deed of trust.

It should be noted at the outset that it is the general policy of the law to sustain certificates of acknowledgment whenever it is possible to do so, See 1 Am. Jur., Acknowledgments, § 74; that substantial compliance is all that is required; and that words of import and significance equivalent to those specified are deemed sufficient. The West Virginia decisions above referred to which strike down acknowledgments as defective under the old statute are not necessarily pertinent when considering the requirements of the 1931 statute. They relate to a phase of the certificate of acknowledgment contained in the old statute but omitted from the latter statute, presumably because the legislature considered immaterial any affidavit or any statement by the officer that he is such officer, or that he is authorized by the corporation to execute the instrument, or that the seal is the corporate seal, or that the writing was signed and sealed by him in behalf of the corporation by its authority duly given. The only substantial requirement under the new statute is one which was set out as part of the old, but which was not required to be stated under oath; namely, that the officer who, as certified to by the notary, signed the writing for the corporation, has now acknowledged it to be the act and deed of the corporation.

If, therefore, the form of certificate of acknowledgment under consideration here *is to the effect that the officers of the*

corporation who signed the deed of trust for it acknowledged the writing to be the act and deed of the corporation it is sufficient.

■ It would strain credulity to believe that the certificate of acknowledgment means anything else. The officers are twice mentioned therein by their official titles as officers of the Atlantic Smokeless Coal Company, and not as individuals. By reference to the body of the deed of trust I find that it is signed by Atlantic Smokeless Company, under whose typewritten corporate name the officers have respectively written their own names, to which their respective titles are appended in their own handwriting. It is obvious that the inartful use of the word "their" instead of "its," where an insertion of a word was to be made in the form, was due to the fact that the person preparing the certificate was trying to make a printed form which was intended to be used for personal acknowledgment serve the purpose of a corporate acknowledgment. The least that can be said as to the meaning of the language is that the officers acknowledged the writing to be "their" act and deed *as officers of the corporation.* This, in my opinion, is a sufficient compliance with the requirement of the acknowledgment statute that the officer acknowledge the writing to be the act and deed of the corporation.

It is of some significance here that the Commission which was appointed to revise the West Virginia statutes, among the results of whose work is what I have called the "new" acknowledgment statute, had no technical or artificial application in mind when they made this revision of the old statute. In a "revisers' note" referring to this section, the Commission says: "The form of acknowledgment is shortened and substantially follows that given in Code Va. 1919, § 5207." Reference to that section reveals that its only requirement was to the effect that the person who signed the writing on behalf of a corporation should have "acknowledged the same" before the certifying officer.

No pertinent case has been decided by the West Virginia Supreme Court of Appeals construing the new statute. In the absence of such judicial construction, I hold, as I have said, that the certificate of acknowledgment here in question is sufficient to satisfy its requirements.

Upon this decision of the Court reversing the Referee's conclusion as to the certificate of acknowledgment to Arlington Trust Company's deed of trust, certain additional questions arise, as shown by the Referee's findings of fact and conclusions of law. These relate to the description of the property in the deed of trust; its effect on property located in Wyoming County, it having been recorded in McDowell County; and a decision as to what funds in the hands of the trustee are affected by the lien thereof. Since none of these questions has yet been decided by the Referee, I think it is proper that further reference be made to him for the purpose of resolving these additional questions in the light of the court's decision upon this petition for review.

An order to this effect may be entered.