## CHARLESTON.

### LYDIA A. IHRIG v. W. F. IHRIG et al.

### Submitted April 25, 1916.    Decided May 9, 1916.

1.  ACKNOWLEDGMENT—*Deeds Recordable—Certificate.*

    To be recordable, a deed of trust or other similar writing must have an endorsement or certificate of acknowledgment thereof, before an officer authorized to take the same, written upon it or annexed to it. Acknowledgment alone is not sufficient. (p. 361).

2.  SAME—*Vendor and Purchaser—Bona Fide Purchasers—Constructive Notice—Record.*

    Lack of the signature of the notary making such a certificate is a fatal defect therein, and admission of a deed, deed of trust or other similar paper, upon such a certificate is void and affords the grantee therein no protection against creditors or subsequent purchasers for value and without notice. (p. 362).

3.  VENDOR AND PURCHASER—*Bona Fide Purchasers—Actual Notice—Evidence.*

    Proof of actual notice of the existence of an unrecorded deed, by a subsequent purchaser, or of facts sufficient to put him upon inquiry, must be clear. Creation of a mere suspicion of such notice does not suffice. (p. 364).

4.  EQUITY—*Pleading—Answer—Admissions.*

    An answer to a bill by such a purchaser in a suit to cancel a deed of trust improperly admitted to record, as being a cloud upon the title, which, for denial of the allegation of payment of a valuable consideration, says only that ''Respondent is further informed that as a matter of fact'' the plaintiff ''paid nothing whatever by way of cash'' for the property, does not amount to a denial thereof, and, for the purposes of the suit, the allegation must be taken as true. (p. 362).

5.  SAME—*Pleading—Admissions.*

    A defendant to a bill in equity who has admitted an allegation of the bill by failure to deny it, cannot introduce evidence to disprove such allegation. It is taken as true for the purposes of the cause. Whether it would be nullified by an admission of the plaintiff, in his testimony, is not decided. (p. 363).

6. SAME—*Grounds of Jurisdiction—Good Faith of Plaintiff.*

　　Fraud on the part of the plaintiff in a bill, pertaining to a transaction separate and distinct from that which constitutes the subject matter of the bill, does not preclude relief under the principle that a plaintiff in equity must come with clean hands. (p. 365).

7. APPEAL AND ERROR—*Disposition of Cause—Affirmance in Part.*

　　A decree in general terms on a bill asserting two grounds for the same relief, one of which is proved and the other not, should be affirmed in so far as it stands on the former and reversed in so far as it is based on the latter. (p. 366).

Appeal from Circuit Court, Tyler County.

Suit in equity by Lydia A. Ihrig against William F. Ihrig and others. From a decree for plaintiff, defendant William F. Ihrig appeals.

*Modified and affirmed.*

*Hall & Hall,* for appellant.

*Thos. P. Jacobs,* for appellee.

POFFENBARGER, JUDGE:

Being the owner of an undivided one-fourth of an oil lease on a tract of 84 acres of land, by virtue of a deed of assignment, executed by her husband before their marriage, the plaintiff obtained upon her bill in this cause, a decree canceling, annulling and setting aside a deed of trust by which the husband had previously conveyed said interest to one Chambers, trustee, to secure the payment of a note for $1,500.00, executed by him to his brother, W. F. Ihrig, in so far as it purported to affect her right and constituted a cloud upon her title, on two grounds: (1) that it had not been legally recorded, and (2) that it had been satisfied by assignment or conveyance of interests in two other leases.

Both the grantor and the creditor secured by the deed of trust seem to have acknowledged it, but the certificate of acknowledgment of the former was not signed by the notary. Long after the paper was recorded, the notary signed the certificate but it was not again recorded. Acknowledgment by the creditor only did not authorize recordation as to the grantor. The statute means just what it says, and that is

that any recordable paper shall be admitted as to any person whose name is signed thereto, when it shall have been acknowledged by him or proved by two witnesses as to him, before the clerk, ch. 73, sec. 2, Code, ser. sec. 3805, or upon a certificate of his acknowledgment, ch. 73, sec. 3, Code, ser. sec. 3806. No rule of construction warrants an addition to these terms. To have a paper recorded, the person offering it must have complied with the statutory conditions. They impliedly exclude such right on any other basis.

To be valid, a certificate of acknowledgment must be signed by the officer making it. The statute requires it to be under his hand. To comply with this requirement, it must be signed. 1 Cyc. 577. A paper requiring acknowledgment as a prerequisite to recordation cannot be validly admitted to record, if the proof of acknowledgment is not annexed to it or endorsed upon it. *Cox* v. *Wayt*, 26 W. Va. 807. The mere fact of acknowledgment does not suffice, and, of course, the addition of proof of the fact after recordation avails nothing, as to persons whose rights have previously vested.

The bill alleges a conveyance of the interest in the lease for a full and valuable consideration, and exhibits the deed reciting a cash consideration of $225.00. If the answer does not deny this allegation, it must be taken as true for the purposes of the cause. There is no general denial of allegations not specially responded to, which, in the absence of an exception, would be good, nor is there a specific denial of this particular allegation. On this subject, the answer says only that "Respondent is further informed that as a matter of fact said Lydia A. Ihrig paid nothing whatever by way of cash for the said three leaseholds of 84 acres, 66 acres and 20 acres so conveyed to her." Lack of a positive denial in these terms is apparent. They affirm only information on the part of the defendant. They do not say nothing was paid in cash. In the absence of the exception, a general or indefinite denial is sufficient, but it must amount to a denial, and this language does not amount to one.

If the plaintiff had accepted and treated it as a denial, it would be the duty of the court, no doubt, to give it that effect; for pleadings, like other instruments, are often held to be

what both parties intended them to be, or given the interpretation they have received at the hands of the parties. But she did not treat it as a denial. She regarded it as being no denial. Relying upon the statute, ch. 125, sec. 36, Code, ser. sec. 4790, saying: "Every material allegation of the bill not controverted by an answer * * * shall, for the purpose of the suit, be taken as true, and no proof thereof shall be required," she refrained from the introduction of evidence of payment of a consideration. What she said on the subject was incidental to her explanation of the conditions of her alleged sale of two of the leases to the defendant. She claims she sold them to him as she bought them, subject to the liens and debts thereon. The following illustrates the form and substance of her statements: "I bought those leases that way, to pay off the debts of the leases, and I sold them to Bill Ihrig for him to pay them off. * * * I bought the leases that way, to pay off Mr. Blackmar and to pay the pipe line shortage, that is the way I got those leases. I had those debts to pay to get those leases." On cross-examination, the statement was substantially repeated, with the addition of this: "I had to pay that out of this oil after buying this lease." Nowhere did she offer proof of payment of anything additional, as consideration, nor admit non-payment thereof. In short, she did not attempt to prove the undenied allegation. She treated it as having been admitted, and this evidence, which might have tended both to prove it and disprove it, was adduced for a wholly different purpose.

If she had admitted the conveyance to her was voluntary, in her testimony, the admission might have nullified the one in her favor, resulting from failure to deny the allegation. As there is no such admission, it is unnecessary to say what its effect would have been, if there had been one.

As no issue was made on this all important and vital matter in the cause, the evidence adduced by the defendant, to disprove payment of consideration, must be ignored. Though the statute might be interpreted as having been intended only to relieve the plaintiff from duty to prove an undenied allegation, so as to make it effective, in the absence of evidence to the contrary, it is not so understood or regarded in prac-

tice. While it says no proof thereof shall be required, it distinctly says also that it shall be taken as true for the purposes of the suit. Taken altogether, the terms signify intent to make the allegation conclusive. If contrary proof by the defendant imposes duty upon the plaintiff to prove the allegation, it is not taken as true and proof is required under the particular circumstances. No such exception is to be found in the terms. Besides, it would work surprise, uncertainty and confusion in the practice. Undenied allegations were treated as conclusive in *Siers* v. *Wiseman,* 58 W. Va. 340, 343, *Grant* v. *Cumberland Valley Cement Co.,* 58 W. Va. 162, 172, and *Dent* v. *Pickens,* 59 W. Va. 272, 290. Answers are now simply pleading, and have effect as such only, just as a plea in a common law case. *Rogers* v. *Verlander,* 30 W. Va. 619, 639; *Knight* v. *Nease,* 53 W. Va. 50, 57. The principal object of pleading is to compel the parties to indicate to each other the bases of their respective claims and contentions, with reasonable certainty, so they may know what to prove and what to anticipate. Such an exception would largely defeat this purpose.

The averment of actual knowledge of the deed of trust, on the part of the plaintiff, at the time of the conveyance to her, is not sustained by proof. On this subject, the record discloses only what are alleged to be admissions of the plaintiff herself. She admits she examined the records, but distinctly says she did that after she had obtained the deed. She says she was assured by her attorney, Mr. Blackmar, there was nothing on record against the lease, and that he had told her he had examined the record. The argument is that, since the paper had been spread on the records, he must have seen it, but that cannot be assumed. If knowledge of the presence of an unrecordable deed on the record would constitute actual knowledge, within the meaning of the law, it cannot be assumed that the plaintiff's agent found it there, nor can it be inferred from her statement that he said he had examined the records and failed to find any conveyance of the property or incumbrance thereon. He may have examined them, found nothing and truthfully given her his opinion. At any rate, she flatly and emphatically denies notice and there

is no proof of it. A mere suspicion of notice, though it be a strong suspicion, will not suffice, for a purchase with notice of the right of another carries an imputation of fraud, and, therefore, the proof of it must be clear. 2 Min. Inst., 887; *Curtis* v. *Lunn,* 6 Munf. 42. It may be established by circumstantial evidence, of course, *Farley* v. *Bateman,* 40 W. Va., 540, but the circumstances relied upon here fall far short of clear proof.

Finally, the alleged fraud of the plaintiff is relied upon as ground of denial of equitable relief to her. At the date of the conveyance, an action was pending against Harry Ihrig for the recovery of $10,000.00. He assigned to the plaintiff, whose name was then Lydia A. Hubbard, not only the interests he had in the three leases mentioned here, but also notes amounting to $4,000.00. About a month after this transaction, these parties were married. Still later, Mrs. Ihrig assigned the 66 acre and the 20 acre leases to the defendant. For some reason, she did not assign to him the 84 acre lease on which he held the deed of trust. On the death of Russell, plaintiff in the action against Harry Ihrig, the administrators of his estate instituted a chancery suit in which the assignments of all the leases were attacked on allegations of fraud, and obtained a decree against Harry Ihrig for over $9,000.00. W. F. Ihrig compromised this with them, paying $2,500.00 and taking an assignment of the decree. Whether the assignments were adjudged to be fraudulent, does not appear.

If it could be said these facts, with additional ones pertaining to them, prove fraud in the conveyance to Mrs. Ihrig, it was not a fraud affecting the defendant's deed of trust, unless she had notice of his title, nor one in which he participated with her. She was not in any sense a party to the deed of trust, nor was he a party to the assignments to her. The first transaction between them was the assignment of the other two leases to him by her. This was a subsequent and distinct transaction. He was an absolute stranger to the assignments to her and she to the deed of trust executed in his favor. The bar of the clean-hand rule is limited to conduct in the particular transaction constituting the subject matter of the bill and to the parties to that transaction. *Peters* v. *Case,* 62 W. Va.

33, 40. We speak here only of fraud, barring equitable relief, not fraud vitiating the deed. Of course the deed would not sustain the attack upon the deed of trust, if it was voluntary, but that question is foreclosed by the pleadings.

The answer seeks no cross-relief against the plaintiff and Harry Ihrig. It does not attack the deed of assignment as a conveyance made in fraud of W. F. Ihrig's rights as a creditor of Harry Ihrig. The attempt is to bar the plaintiff from relief against W. F. Ihrig because her title may be tainted by a fraud perpetrated upon Russell, a third party. That may have been a fraud upon a creditor, but the answer is not a cross-bill in either form or substance. Shelter is sought under the clean-hand rule only, by reason of these charges of fraud, and it has no application for reasons stated.

These principles and conclusions entitle the plaintiff to the relief granted her upon the first ground set up in her bill, a purchase of the lease for value and without notice of the deed of trust. But the other ground, an alleged agreement to release in consideration of the assignment of the 66 acre and 20 acre leases, is not sustained by the evidence. The defendant positively denies such agreement in his answer as well as in his testimony, and the facts corroborate him. It is altogether unlikely that the assignments were actually made upon a mere oral agreement to release. Ordinarily reciprocal transactions are contemporaneous. The deed of trust was not then released, nor the note surrendered or assigned, nor any written agreement to release taken. Besides, the assignments themselves state agreements to pay certain judgments as constituting the consideration therefor. The oral evidence is too contradictory and uncertain to warrant a finding contrary to the import of the papers the parties hold.

In so far as the decree complained of is predicated upon the alleged agreement to release the deed of trust, it will be reversed, and in all other respects affirmed, and the cause remanded.

*Modified and affirmed.*