# CHARLESTON.

E. E. BIAS *v.* G. L. BIAS *et al.*

(No. 6746)

Submitted October 28, 1930. Decided November 12, 1930.

*Lon G. Marks,* for appellant.

*Fitzpatrick, Brown & Davis* and *Walter L. Brown,* for appellees.

HATCHER, JUDGE:

This appeal involves the validity of a bill, a demurrer to which was sustained by the lower court. The bill alleges as follows: Plaintiff, to avoid payment of a debt to J. I. Jordan, conveyed certain real estate to Nora Curry. Later, plaintiff arranged with G. L. Bias (hereinafter called defendant) who was jointly liable with plaintiff to Jordan, to satisfy the debt, plaintiff agreeing to pay to defendant $550.00, which was his pro rata part of the debt. As security, only, for the payment of the $550.00, plaintiff had Nora Curry convey his real estate to defendant by a deed, absolute in form. Plaintiff remained

in possession of the property. The defendant has now ordered plaintiff to vacate the property and refuses to regard the conveyance as a mere security. Plaintiff prays that it be so treated and he be given the right to redeem, etc.

The demurrer was sustained on the theory that, because of the attempt in the first instance to avoid the debt to Jordan, the plaintiff did not come into equity with clean hands. This theory is erroneous. It is settled law that the bar of the unclean-hands rule is raised only because of conduct connected with the particular transaction sought to have redressed. *Ihrig* v. *Ihrig,* 78 W. Va. 360; *Peters* v. *Case,* 62 W. Va. 33, 39-40; 1 Pom. Eq. Juris. (4th Ed.), sec. 399; 2 Lawrence Eq. Juris, sec. 1084; 10 R. C. L., subject Equity, sec. 140; 21 C. J., subject Equity, sec. 173. Plaintiff's particular transaction with defendant contains no element of fraud. That transaction alone is the one in litigation. But say the conveyance to Nora Curry is materially connected with the conveyance to defendant. Plaintiff's arrangement whereby the debt to Jordan was satisfied, removed the stain of his inequitable behavior to Jordan. No sufficient reason now appears why equity should longer hold against plaintiff his initial misconduct. Equity should encourage instead of refusing to acknowledge amends for a wrong. "Where plaintiff purged his fraudulent conduct in real estate transactions with defendants by making a settlement with them, he will not be denied equitable relief on account of such fraud against a deed and notes which they compelled him to execute under duress." *McNair* v. *Benson,* 63 Ore. 66. The defendant places special reliance on *Murrin* v. *Murrin,* 94 W. Va. 605. But in that case the original grantor had not satisfied the liability which his conveyance sought to avoid; and the person holding under the fraudulent grantee was merely a substitution for him.

The defendant further contends that the bill is demurrable because it does not allege that the $550.00 is due and payable. Such an allegation would be proper, but not vital on the question of whether the transaction was a mortgage. As defendant denies the plaintiff's claim, the latter would have the right to establish the true character of the affair, and if it be a

mortgage, have it declared so, irrespective of when the $550.00 is due, lest the rights of innocent third parties intervene.

The decree of the lower court is accordingly reversed.

*Reversed.*