655 S.E.2d 172

**Sandra Lynn FOSTER (now Lilly), Plaintiff Below, Appellant**

v.

**James Tyrone FOSTER, Defendant Below, Appellee.**

**No. 33301.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 12, 2007.

Decided Nov. 20, 2007.

David S. Hart, Beckley, WV, for Appellant.

Darl W. Poling, Beckley, WV, for Appellee.

Heidi L. Talmage, Charleston, WV, Deputy General Counsel for Bureau for Child Support Enforcement.

PER CURIAM.

This action is before this Court upon the appeal of Sandra Lynn Lilly [hereinafter "Appellant"] from the Circuit Court of Raleigh County's May 22, 2006, order affirming the Family Court of Raleigh County's December 9, 2005, order granting James Tyrone Foster's [hereinafter "Appellee"] Petition for Recovery of Overpayment of Child Support. The Appellant contends that the circuit court erred in holding that the Appellee's Petition for Recovery of Overpayment of Child Support was not barred by the statute of limitations, when it was filed more than three years after the Appellee became aware of his right to petition for recovery of the alleged overpayment. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. Upon the applicable *de novo* standard of review and for the reasons expressed below, the May 22, 2006, order of the Circuit Court of Raleigh County is reversed and remanded with directions to dismiss Appellee's Petition for Recovery of Overpayment of Child Support.

I.

Factual and Procedural History

The child support obligation at issue in this matter arose, initially, from a Final Order of Divorce that was entered in the Circuit Court of Raleigh County, West Virginia on December 23, 1982, terminating the parties' marriage. Under the terms of the final order, Appellee was ordered to pay child support to Appellant for the benefit of the parties' son in the monthly amount of two hundred fifty dollars ($250.00). This child support obligation continued in effect, subject to modification of the amount of the support obligation, until it was terminated on June 1, 1997, based upon the child's emancipation.

Between the time of the parties' divorce and the time that their child was emancipated in 1997, Appellee failed to make a number of monthly child support payments. Decretal judgments accrued to the Appellant, but no action was taken upon some of those judgments until 1997, when Appellant and the West Virginia Bureau of Child Support Enforcement [hereinafter "BCSE"] sought to collect the unpaid child support in response to Appellee's petition to have his support obligation terminated.[1]

During the family court proceedings which began in 1997, the BCSE continued to withhold money from Appellee's income toward the collection of unpaid child support. On September 28, 1998, Appellee filed a Memorandum of Law arguing that Appellant was barred from collecting on those decretal judgments which were more than ten (10) years old, due to Appellant's failure to timely pursue such decretal judgments for unpaid child support. After substantial litigation, including two separate circuit court appeals, the circuit court concluded, by an order of April 7, 2000, that attempts to collect more than thirty thousand dollars ($30,000) in child support obligations due and owing prior to April 22, 1987, were barred by the statute of limitations.[2] In that order, the circuit court fixed the amount of child support arrearages that were owed by and which could be collected from Appellee at two-thousand twenty-seven dollars and sixteen cents ($2,027.16) and granted Appellant a decretal judgment against Appellee for unpaid medical expenses incurred for the benefit of the parties' child in the amount of four thousand four hundred fifteen dollars and seventy-eight cents ($4,415.78), less credit for all payments or money received from the Appellee since January 31, 1999. The circuit court directed the BCSE to compile an accounting to reflect Appellee's payment history between the date

---

1. Appellee filed his Petition for Modification on March 31, 1997, seeking to have his child support obligation terminated based upon his son's emancipation.

2. The Order Establishing Child Support Arrearages was appealed by the BCSE to this Court on August 28, 2000. That petition for appeal was denied on January 25, 2001.

and time of entry of the Order Establishing Child Support Arrearages to determine the status of the parties' child support account with the BCSE.

The BCSE conducted an accounting on April 18, 2000, which showed that the Appellee had paid to the Appellant, through income withholdings, more child support than she was legally entitled to collect. A copy of this accounting was mailed to the parties on April 25, 2000. Appellee admitted, during the proceedings below, that he was aware of the overpayment no later than June 2000, and that he had called the BCSE regarding the same. Appellee, however, waited until September 29, 2003, more than three years later, to file a petition seeking to collect the overpayment.

In response to Appellee's Petition for Recovery of Overpayment of Child Support, Appellant asserted below [3] that any recovery was barred by the statute of limitations because Appellee had waited for more than three years after his right to collect the overpayment had accrued before filing his petition. By order of April 8, 2005, the Raleigh County Family Court held that Appellee's petition was time barred. On May 9, 2005, Appellee appealed this order to the Circuit Court of Raleigh County.

By order of July 27, 2005, the Circuit Court of Raleigh County reversed the family court ruling. The circuit court reasoned that the filing of the Petition for Modification and the relief granted by order of April 7, 2000, was sufficient to toll the running of the statute of limitations against Appellee. The circuit court found that the Appellee's Petition for Recovery of Overpayment of Child Support, filed in September 2003, related back to the Appellee's original Petition for Modification filed in March of 1997, and was an effort to secure the relief that was granted by the order of April 7, 2000. The circuit court also held that the April 7, 2000, order directed that an audit be conducted, which was completed, but that no order was entered to accept or reject the result of the audit.

Based on its reasoning, the circuit court concluded that the statute of limitations that might otherwise apply to Appellee's petition was indefinitely tolled until he filed the Petition for Recovery of Overpayment of Child Support in September 2003, and that Appellee had done that which was necessary to assert his claim for the repayment of an arrearage. The circuit court remanded the matter for further proceedings to review and evaluate the audit, to determine whether Appellee had overpaid child support, and if so, to calculate the arrearage and enter such orders as were necessary.

On remand, the Family Court of Raleigh County concluded, by order of December 9, 2005, that Appellee had overpaid child support in the amount of three thousand four hundred sixty-six dollars and sixty-five cents ($3,466.65), and entered judgment against Appellant and the BCSE in that amount. The family court went on to hold that Appellee could collect this payment from either Appellant or from the BCSE, but that no such collection could be made until the parties had an opportunity to exhaust their opportunities for appeal. The family court also denied Appellee's request for attorney's fees and litigation expenses and his request that Appellant be required to post an appeal bond.

On January 6, 2006, Appellee filed a second Petition for Appeal to the circuit court, alleging that the family court erred by failing to grant his request for attorney fees, and by failing to award him pre-judgment interest on the overpayment. Thereafter, on January 9, 2006, Appellant also filed her Petition for Appeal to the circuit court, again alleging that the Appellee's Petition for Recovery of Overpayment of Child Support was barred by the statute of limitations, and alleging that the Appellee should be required to collect any alleged overpayment from the BCSE and not from her. By order of May 22, 2006, the circuit court affirmed the family court's order of December 9, 2005, essentially in its entirety, on the issues of attorneys fees, statute of limitations, and collection of overpayment. In that same order, the circuit court remanded the issue of calculation of interest,

---

3. Appellant filed a Memorandum of Law in Support of Motion to Dismiss Appellee's Petition for

Recovery of Overpayment of Child Support on February 9, 2005.

requesting that a calculation of interest be included. On June 22, 2006, the BCSE determined that the interest on the principal amount of three thousand four hundred sixty-six dollars and sixty-five cents ($3,466.65) was one hundred sixty-nine dollars and four cents ($169.04).

Appellant now appeals the circuit court's May 22, 2006, order which affirmed the family court order entered on December 9, 2005, following a remand by the circuit court on July 27, 2005. The BCSE also joins Appellant in this appeal.

## II.

### Standard of Review

■■■ The issue before this Court is whether Appellee's Petition for Recovery of Overpayment of Child Support is barred by the statute of limitations. In syllabus point one of *Staton v. Staton*, 218 W.Va. 201, 624 S.E.2d 548 (2005), this Court explained that "[i]n reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*"; *See also* Syl. Pt. 1, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Because the issue before this Court is purely a legal question, we review the rulings of the circuit court *de novo*.

## III.

### Discussion

The Appellant presents one assignment of error, maintaining that the circuit court erred in holding that the Appellee's Petition for Recovery of Overpayment of Child Support, which was filed more than three years after the right to bring the petition accrued

and more than three years after the Appellee became aware of his right to petition for recovery of the alleged overpayment, was not barred by the statute of limitations set forth in West Virginia Code § 55-2-12 (1959). The Bureau of Child Support Enforcement filed a response joining the positions set forth in Appellant's brief. Appellee, to the contrary, maintains that the circuit court properly ruled that the statute of limitations did not bar his attempt to collect the overpayment. He also maintains that Appellant's petition for appeal was itself untimely filed and, thus, should not be considered by this Court.

■■■ We first address the Appellee's contention regarding the timeliness of the instant appeal. Appellee maintains that the instant appeal was untimely filed because it pertains to an issue that was not part of the circuit court's final ruling of May 22, 2006. Specifically, Appellee contends that the instant appeal was not timely filed as an appeal of the order of July 27, 2005, which reversed the family court's order of April 8, 2005, and which remanded this case to the family court for further proceedings to review and evaluate the audit, to determine whether Appellee overpaid child support, and if so, to calculate the arrearage and enter such orders as were necessary and appropriate to restore such arrearage to the Appellee. We conclude that Appellee's argument lacks merit, and find that the instant appeal was timely filed.

■■■ This Court articulated in *Paxton v. Crabtree*, 184 W.Va. 237, 400 S.E.2d 245 (1990), that "[o]rdinarily, a judgment of reversal rendered by an intermediate appellate court which remands a cause for further proceedings in conformity with the opinion of the court is not final, and, therefore, not appealable to a higher appellate court, so long as judicial action in the lower court is required." Syllabus Point 2, 184 W.Va. 237, 400 S.E.2d 245.[4] In the case before us, the July 27, 2005, circuit court order which Ap-

---

4. This Court has also recognized that not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. *Province v. Province*, 196 W.Va. 473, 479, 473 S.E.2d 894, 900 (1996)(*quoting Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). Furthermore, a remand order such as the order of July 27, 2005, is not a final decision for the purposes of appeal under Rule 34(b) of the West Virginia Rules of Practice and Procedure for Family Court (2007).

pellee points to, reverses an April 8, 2005, order entered by the family court denying Appellee's Petition for Recovery of Overpayment of Child Support. Importantly, it remands the matter for further proceedings. Thus, the order of July 27, 2005, is an interlocutory order, not a final appealable order.

Following the remand, the family court entered an order consistent with the circuit court's order of July 27, 2005, granting Appellee's petition for recovery, and finding that Appellee had overpaid child support in the amount of three thousand four hundred sixty-six dollars and sixty-five cents ($3,466.65) and that he could collect his overpayment from either Appellant or the BCSE. After a second appeal to the circuit court, the circuit court entered a final order on May 22, 2006, upholding the family court's order and resolving all matters before the court.[5] Following that order, the Appellant appropriately filed the instant appeal on September 22, 2006. Because the instant appeal was filed within the four month period allowed for appeals to this Court under Rule 3(a) of the West Virginia Rules of Appellate Procedure (2006), we consider it timely.

█ Turning to the primary subject on appeal, whether the circuit court erred in holding that the Appellee's Petition for Recovery of Overpayment of Child Support was not barred by the statute of limitations, we agree that the circuit court's ruling should be reversed, but not for the reasons set forth by the Appellant. We believe, rather, that because the Appellee has come to the Court with unclean hands, he should be precluded from recovering any overpayment.

█ We have long recognized that, "[t]heir hands may be unclean, but it is the duty of a court of equity to permit them to clean them when it can do so, and not permit such uncleanness to continue as a stench in the nostrils of the people." *Gardner v. Gardner*, 144 W.Va. 630, 110 S.E.2d 495 (1959). "Equity never helps those who engage in fraudulent transactions, but leave them where it finds them" *Province v. Province*, 196 W.Va. 473, 473 S.E.2d 894 (1996)(quoting *Moore v. Mustoe*, 47 W.Va. 549, 552, 35 S.E. 871, 873 (1900)). This doctrine has been expressly and specifically made a part of the organic law in this State. *Id.*

█ The unclean hands rule is raised only because of conduct connected with the particular transaction sought to have redressed. *Bias v. Bias*, 109 W.Va. 621, 155 S.E. 898 (1930)(quoting *Ihrig v. Ihrig*, 78 W.Va. 360, 88 S.E. 1010 (1916)). "Whenever and if it is made to appear to the court that by reason of fraudulent or other unconscionable conduct, the plaintiff has lost his right to invoke a court of equity, the court will, on the motion of a party, or its own motion, wash its hands of the whole." *Wheeling Dollar Sav. & Trust Co. v. Hoffman*, 127 W.Va. 777, 779–80, 35 S.E.2d 84, 86 (1945) (quoting *State v. Altizer Coal Land Co.*, 98 W.Va. 563, 128 S.E. 286 (1924)). Indeed, this Court may, *sua sponte*, invoke the doctrine of unclean hands to invoke an equitable and just result. We have held that:

> The unconscionable character of a transaction between the parties need not be pleaded or set up as a defense. Whenever it is disclosed the court will of its own motion apply the maxim. It does not matter at what state of the proofs or in what order a lack of clean hands is discovered. A party cannot waive application of the clean hands rule at the instance of the court, nor does such application depend on the wish of counsel.

127 W.Va. at 779–80, 35 S.E.2d at 86 (quoting 30 C.J.S., Equity, § 97).

5. The May 22, 2006, order affirmed the family court's order of December 9, 2005 in its entirety, specifically regarding the issues of attorney fees, statute of limitations and collection of overpayment. In that same order, the circuit court remanded only the issue of calculation of interest, requesting that a calculation of interest be included. On June 22, 2006, the BCSE determined that the interest on the principal amount of three thousand four hundred sixty-six dollars and sixty-five cents ($3,466.65) was one hundred sixty-nine dollars and four cents ($169.04). Because this order ended the litigation on its merits and left nothing for the family court to do but to assess the calculation of interest, it was a final appealable order. *See generally Province v. Province*, 196 W.Va. 473, 473 S.E.2d 894 (1996); *See also Durm v. Heck's, Inc.*, 184 W.Va. 562, 401 S.E.2d 908 (1991).

In the instant matter, the Appellee was able to avoid paying over $30,000 in child support payments by successfully asserting that the Appellant was barred from collecting on those decretal judgments which were more than ten (10) years old, due to her failure to timely pursue such decretal judgments for unpaid child support. After the Appellee obtained the substantial benefit of escaping paying the child support that he rightfully owed for the benefit of his child, one would think he would have then ended this incredibly prolonged litigation and left well enough alone. However, the instant appeal is before us because, over three years after that ruling, the Appellee audaciously sought a three thousand four hundred sixty-six dollars and sixty-five cents ($3,466.65) credit he claims he is also owed as a result of overpayment. We cannot permit such uncleanness to continue.

 In failing to meet his child support obligations, the Appellee failed to fulfill his most basic moral and legal duty as a parent. Unquestionably, child support payments are exclusively for the benefit of the child. *Rebecca C. v. Michael B.*, 213 W.Va. 744, 749, 584 S.E.2d 600, 605 (2003) (quoting *Carter v. Carter*, 198 W.Va. 171, 176, 479 S.E.2d 681, 686 (1996)). Indeed, the "provision of shelter and financial support for children is one of the most basic components of parental responsibility." *In re Jamie Nicole H.*, 205 W.Va. 176, 183, 517 S.E.2d 41, 48 (1999); *See also* Syl. Pt. 3, in part, *Wyatt v. Wyatt*, 185 W.Va. 472, 408 S.E.2d 51 (1991) ("The duty of a parent to support a child is a basic duty owed by the parent to the child[.]"). "[T]he obligation of child support is grounded in the moral and legal duty of support of one's children from the time of birth." *Supcoe v. Shearer*, 204 W.Va. 326, 330, 512 S.E.2d 583, 587 (1998).

The Appellee enjoyed the legal right as a judgment debtor to avail himself of the statute of limitations defense to avoid paying the thousands of dollars he owed in child support. However, in this instance, we cannot condone the Appellee's continued use of the law to his own child's disadvantage. To hold otherwise would be to defy equity and ignore our moral obligations to ensure that the best interest of the child remains protected.

We therefore find that the Appellee is, as matter of equity, precluded from asserting his rights to overpayment. The circuit court is hereby reversed.

## IV.

### Conclusion

For the reasons expressed above, the May 22, 2006, order of the Circuit Court of Raleigh County is reversed and this matter is remanded with directions to dismiss Appellee's Petition to Recover Overpayment of Child Support.

Reversed and remanded with directions.